330 So.2d 465 (1976)
Peter ARIS, Petitioner,
v.
BIG TEN TAXI CORPORATION, Employers Service Corporation, and Industrial Relations Commission, Bureau of Workmen's Compensation, Respondents.
No. 46116.
Supreme Court of Florida.
March 17, 1976.
On Rehearing May 22, 1975.
Rehearing Denied May 14, 1976.
Peter S. Schwedock, of Pelzner & Schwedock, Miami, for petitioner.
John G. Tomlinson, Jr., of Williams & Tomlinson, Coral Gables, for respondents.

ON PETITION FOR CERTIORARI AND EXTRAORDINARY ATTORNEY'S FEES.
This cause having heretofore been submitted to the Court on Petition for *466 Writ of Certiorari upon the transcript of record and briefs to review the order of the Industrial Relations Commission and the Court finding no departure from the essential requirements of law, it is ordered that said petition be and the same is hereby denied. See: Scholastic Systems, Inc., et al. v. LeLoup, et al., 307 So.2d 166 (Fla. 1974).
It is further ordered that the Petition for Extraordinary Attorney's Fee filed by attorney for petitioner is denied.
ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
ADKINS, C.J., and ENGLAND, JJ., dissent.

ON REHEARING
ENGLAND, Justice.
This matter is here on a petition for certiorari to the Industrial Relations Commission, seeking review of an order in which the Commission denied workmen's compensation benefits because the statute of limitations precluded recovery. Our jurisdiction is based on Article V, Section 3(b)(3) of the Florida Constitution.
Mr. Aris obtained a determination by the Judge of Industrial Claims that he was mentally incompetent as a result of an injury sustained in 1962 during a robbery in the course of his employment as a taxicab driver. The Judge also ruled that respondent was responsible for workmen's compensation benefits because the statute of limitations which would bar his entitlement to benefits (Section 440.19(1), Florida Statutes (1973)) would not apply to an incompetent unless a guardian or other authorized representative had been appointed to protect his interests. Section 440.19(3), Florida Statutes (1973). It is undisputed that no such guardian has ever been appointed to represent Mr. Aris.
Respondent sought review of the Judge's determination before the full Commission. In the meantime, Mr. Aris fired his attorney. As a result he was not represented before the Commission either orally or by brief. The Commission held no hearing on respondent's application for review of the Judge's order. Nonetheless, the commission reversed the ruling of the Judge and reversed his award, indirectly at least ruling that the statute of limitations barred Mr. Aris' claim. We hold this was error.
Section 440.19(3) suspends the period of limitations until a guardian is appointed to represent an incompetent. The Commission has discretion to direct such an appointment under Section 440.17, Florida Statutes (1973). Allure Shoe Corp. v. Lymberis, 173 So.2d 702 (Fla. 1965). As a preliminary matter, proceedings before the Commission should have been suspended until a guardian had been appointed to protect Mr. Aris' interests. In deciding his case without any presentation on his behalf through a guardian or appointed counsel, the Commission departed from the essential requirements of law.
As to whether the statute of limitations bars Mr. Aris' claims we cannot escape the plain language of the provision on which the Judge relied. The Commission gives no legal reason why the statute should bar this claim. The Commission's Order reviews the long history of litigation by Mr. Aris and intimates that his claim is barred by estoppel, res judicata, laches or some other unnamed, like legal theory. The Commission concluded, essentially, that Mr. Aris had his cause tried at least once before this most recent proceeding, and that there was no basis for a retrial. This general conclusion, however cast, was not raised here by respondent's counsel, and in any event it does not address the Judge's conclusion that the statute of limitations on claims is no bar to Mr. Aris so long as he is incompetent and no guardian has been appointed to represent him.
Respondent's counsel bottoms his argument to us relative to limitations on an assertion that Mr. Aris was competently represented *467 in fact in all of the compensation proceedings. That may be so, but Section 440.19(3) does not allow the claims statute to run against adequately represented incompetents for whom no guardian has been appointed.
We hold, therefore, that the claims statute in Section 440.19(I) is no bar to Mr. Aris' recent proceeding and will not be until a guardian is appointed to protect his interests in these matters.
The principal argument raised by respondent here is that the Judge erred in adjudging Mr. Aris incompetent, in that there was inadequate evidence to support that finding.
In Thomas v. Westinghouse Electric & Mfg. Co., 160 Fla. 687, 36 So.2d 377 (1948) we defined incompetency for purposes of this statute of limitations to be an inability to manage ordinary business affairs. That definition contemplates more than an ability to satisfy physical needs. Here, as in Thomas, there was expert testimony that Mr. Aris is and has been legally incompetent. The record discloses that only heavy medication prevents Mr. Aris from being institutionalized and that he lives in a delusional state. Mr. Aris' own testimony adequately bears out the opinion of the experts. There was substantial competent evidence supporting the order of the Judge of Industrial Claims.
This matter has been in litigation since 1963. It is time for it to be concluded. Certiorari is granted, the decision of the Commission is reversed, the decision of the Judge of Industrial Claims is reinstated, and the case is remanded to the Commission for the purpose of obtaining a guardian to accept, manage and account for the benefits awarded by the Judge of Industrial Claims.
OVERTON, C.J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.