MILLS, Judge.
Appellants appeal from a workers’ compensation order denying their petition to vacate or modify earlier orders. We affirm.
We will consolidate the thirteen issues raised by appellants in their ninety-three page brief and restate them for brevity’s sake.
1. Did the deputy commissioner have authority to hold the hearing? Yes.
Although the deputy was not appointed at the time of the hearing, he was appointed prior to entry of his order. He was a deputy within the district where the claim arose and merely replaced the other deputy who recused himself. Additionally, appellants have not claimed or shown prejudice.
2. Should the deputy have granted a continuance? No.
The hearing was scheduled without objection. No abuse of discretion has been shown.
3. Should the deputy have cancelled the second hearing? Yes.
*765 The deputy did not abuse his discretion in cancelling the second hearing because he correctly concluded that as a matter of law it was unnecessary.
4. Did the judge of industrial claims have jurisdiction over appellants in the previous hearings? Yes.
The filing of the amended claim with the deputy, rather than the Division, is sufficient. Section 440.19(1), Florida Statutes (1977). Additionally, appellants had actual notice of the hearings from a judge of industrial claims and decided not to participate.
5. Are any of the prior orders final? Yes, all.
The prior orders are final. The failure of the JIC’s secretary to date the certificates of service does not affect the finality of the orders. No assertion is made that the orders were not promptly mailed or received.
6. What post-order relief is available? None here.
Section 440.28, Florida Statutes (1977), allows a petition for modification based upon a mistake of fact. The petition must be supported with new evidence. It is not available to relitigate previously decided questions. Cumulative evidence or evidence available at the original proceeding cannot support a petition to modify, University Inns v. Davis, 413 So.2d 128 (Fla. 1st DCA) 1982; McKenney v. School Board of Palm Beach, 408 So.2d 655 (Fla. 1st DCA 1981). Appellants offer no new evidence except on the coverage issue and that was available to them at the December 1978 hearing. Appellants should not be allowed to use a petition for modification to avoid all consequences of not appearing. They had their chance.
7. What is the status of the 15 February 1979 order setting attorney’s fees? Final.
The order of 15 February 1979 is obviously final. No guidance is required.
8. Were the prior orders supported by competent substantial evidence? Moot.
The orders of 18 January and 15 February 1979 were not appealed and are now final.
9.Has due process been violated? No.
Appellants were not denied due process. They were properly and promptly notified and given the opportunity to participate in all proceedings or take appropriate action. When appellants failed to take action, it was because they opted to take no action.
The order appealed is affirmed.
LARRY G. SMITH and SHAW, JJ., concur.