SHIVERS, Judge.
In this workers’ compensation case the employer/carrier appeals the final order of the chief commissioner which grants claimant Allen’s petition for modification and reinstates a prior order of a deputy commissioner which had been reversed by this court. Appellant contends, inter alia, that this case contains no mistake in fact which would warrant a modification of the original order. We agree and reverse.
In January 1980 Allen filed his claim for benefits resulting from the industrial accident which occurred on June 17, 1977. A hearing was held on April 3, 1980 at which the employer/carrier defended on the dual grounds that there was no causal connection between the condition and the industrial accident, and that the statute of limitations barred the claim. On July 22, 1980 a deputy commissioner issued the original compensation order. The deputy commissioner found that the most reasonable and logical cause for the claimant’s condition was his industrial accident and the subsequent medical treatment received for that accident. The deputy commissioner further found that the statute of limitations defense was not applicable since the employer had paid claimant his full salary until July 1, 1978 and that said payments were found to be payments in lieu of compensation. Payments in lieu of compensation for industrial accidents prevent the statute of limitations from starting to run until the date of the last of such payments under section 440.19(l)(a), Florida Statutes (1977).
The employer/carrier appealed the order of the deputy commissioner to this court and we reversed in City of St. Augustine v. Allen, 404 So.2d 1115 (Fla. 1st DCA 1981). In Allen, this court found that the continuing wage payments were not intended as in lieu of compensation and that the claimant could not have reasonably thought that they were. On October 22, 1981 the claimant filed a motion for rehearing contending, for the first time, that the statute of limitations was tolled pursuant to section 440.19(3), Florida Statutes (1977), in that the *940 claimant was incompetent. The employer/carrier filed a reply to the motion for rehearing contending that the issue of incompetency had not been previously raised, and that, therefore, it could not be raised on rehearing. This court denied the motion for rehearing and entered its mandate on December 1, 1981.
On December 14, 1981 the claimant filed a petition with the Division of Workers’ Compensation to modify the original order on the ground that the order contained a mistake of fact. On February 26, 1982 a hearing was held before the chief commissioner at which no evidence was presented, but arguments were made by counsel for both sides. The claimant contended that the deputy commissioner had made a mistake of fact in not finding that the claimant was totally incompetent from December 1977 and continuing. The employer/carrier argued that the claimant was attempting to circumvent the decision of this court, that the chief commissioner did not have jurisdiction over the matter, and that the claimant had waived his position in that incompetency had not been made an issue at the original hearing. On March 31, 1982 the chief commissioner entered the order appealed from which found that the deputy commissioner had made a mistake in fact in not finding the statute of limitations tolled by reason of claimant’s incompetency. The chief commissioner, therefore, granted the petition to modify pursuant to section 440.-28, Florida Statutes (1981), and reinstated the decretal portion of the original order.
Section 440.28 provides a statutory exception to the doctrine of res judicata in workers’ compensation cases. Universal Erectors, Inc. v. Murphy, 410 So.2d 209 (Fla. 1st DCA 1982). It provides, generally, that orders of deputy commissioners can be modified on the ground of a change in condition or because of a mistake in a determination of fact. Not every mistake, or alleged mistake, can provide a basis for modifying an order under this statute. In Hall v. Seaboard Maritime Corp., 104 So.2d 384 (Fla. 1st DCA 1958), we stated:
As we construe it, this section was intended to apply to those cases in which by reason of a lack of evidence the Commission has not had an opportunity to properly determine the issues arising out of a claim — as when a claimant fails to show the true extent of his injury either because such was not then known, or had not manifested itself in sufficient degree as to be subject to proof. While we do not hold this to be the only situation warranting a modification, we are firmly convinced that the legislature did not by this section intend to rape the statute of limitations, provided in the same chapter, of its force and effect; or to provide a secondary means of reviewing an otherwise final order. Such would be the effect of a holding which would permit the relitigation of an issue of fact on the sole ground that it was mistakenly determined, when the challenging party has only a greater or more favorable volume of evidence as to the identical issue upon which to base his contention.
Id. at 387-88 (footnote omitted). In the instant case, the record does not reveal a mistake in a determination of fact within the meaning of section 440.28. Therefore, the chief commissioner erred in granting the petition for modification.
Appellee contends, and the chief commissioner found, that it was a mistake in fact for the deputy commissioner not to recognize a valid statute of limitations defense in the original order. The record, however, reveals that the issue of incompetency as tolling the statute of limitations was never substantially raised in the original hearing before the deputy commissioner. The portion of the record relied upon by appellee in his contention that the issue was raised shows that the incompetency of the claimant was only casually mentioned by claimant’s counsel during his explanation to the deputy commissioner of the “logical cause” theory of causation. Since the issue was never raised, it could not be a “mistake in a determination of fact” for the deputy commissioner not to recognize it and rule upon it. Cf. Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982). Our conclu *941 sion is bolstered by the fact that no new evidence was introduced at the petition for modification hearing to support appellee’s claim of mistake in a determination of fact. In Cleveland v. Everson, 415 So.2d 763 (Fla. 1st DCA 1982), we stated:
Section 440.28, Florida Statutes (1977), allows a petition for modification based upon a mistake of fact. The petition must be supported with new evidence. It is not available to relitigate previously decided questions. Cumulative evidence or evidence available at the original proceeding cannot support a petition to modify ....
Id. at 765 (citations omitted). See Florida Real Estate Commission v. Felix, 413 So.2d 832 (Fla. 1st DCA 1982).
The order of the chief commissioner dated March 31, 1982 is, accordingly, REVERSED.
ERVIN and LARRY G. SMITH, JJ., concur.