500 So.2d 206 (1986)
Edward ALLEN, Appellant,
v.
CITY OF ST. AUGUSTINE and Travelers Insurance Company, Appellee.
No. BG-89.
District Court of Appeal of Florida, First District.
October 14, 1986.
*207 Gregory W. Johnson, Jacksonville, for appellant.
E. Robert Williams and Karen K. Cole, of Boyd, Jenerette, Staas, Joos, Williams & Felton, Jacksonville, for appellee.
BARFIELD, Judge.
The parties to this workers' compensation appeal have raised the following issues: 1) whether the doctrine of res judicata prevents an incompetent from raising the issue of his incompetency to avoid the statute of limitations in a workers' compensation case where no guardian or other authorized representative had been appointed at the time prior proceedings were held, and 2) whether an attorney is an "authorized representative" within the meaning of section 440.19(3), Florida Statutes (1977), that would allow the statute of limitations to run against a mentally incompetent person for whom no guardian has been appointed. We answer both questions *208 in the negative, reverse Deputy Commissioner Gay's order of March 15, 1985, and vacate our prior opinions in City of St. Augustine v. Allen, 404 So.2d 1115 (Fla. 1st DCA 1981) and City of St. Augustine v. Allen, 424 So.2d 939 (Fla. 1st DCA 1983) to the extent they are inconsistent with this opinion.
At the root of this problem are the two cited decisions of this court. The issue is squarely presented whether this court will adhere to prior opinions clearly in contravention of established law governing adjudication of the rights of incompetents, whom the courts are under a special duty to protect as a class incapable of protecting themselves, for the sake of finality of decisions. It cannot. Consistency is desireable, but perpetuating correctible error in such a case is inexcusable.
Edward Allen injured his leg on 6-17-77. Because of an underlying diabetic condition, the injury was slow to heal and he was hospitalized for treatment. The employer/carrier paid for his medical treatment until 11-16-77; TTD was paid to 9-14-77, after which claimant was paid his regular wages until he was retired on 7-1-78. After the surgical procedure of December 1977, claimant's mental condition seriously deteriorated and he was thereafter diagnosed as having suffered organic brain damage with mental dysfunction.
Claimant's attorney, Edward Hurt, filed a claim for benefits on 1-15-80; the employer/carrier defended the claim on the grounds, inter alia, that there was no causal relationship between the employment and the injuries, and that the claim was barred by the statute of limitations and estoppel. Hearing was held before Deputy Commissioner Housholder on 4-3-80, at which claimant's attorney asserted that claimant was permanently and totally disabled:
We are saying that, in the hospital, there was a lack of oxygen to the man's brain, causing organic brain damage as the neurosurgeon says this man has; and he says this could have been  could have been  one of the causes. He also gave some other things that can cause organic brain damage.
We are proposing to show that the only logical sequence of events could have been a lack of oxygen to the brain during an operation in December, 1977, to this man's brain, resulting in the total incompetency of this man. The operation was skin-grafting of his leg, which was a direct result of the accident.
That's the theory that I'm acting under, Judge.
The deputy commissioner considered the live testimony of claimant's daughter-in-law and two sons, a close friend and associate of claimant's, and the personnel manager for the employer, as well as the depositions of several doctors and claimant's medical records. In her order of 7-22-80, she found that prior to the December, 1977, hospital admission,
Claimant was of a clear mind, a friendly and good personality and had been an excellent Employee of the Employer for many years. Subsequent to his dismissal from the hospital, he was mentally confused, had a complete personality change as shown by the testimony of his immediate family and associates, had an altered gait in his walk, and continued to deteriorate mentally to the point that it was necessary that he be placed under the care of a neurosurgeon in Jacksonville, Florida, William Harold Noran, M.D., who made the diagnosis that the Claimant suffered from organic brain damage with mental dysfunction. Claimant had ataxia or balance trouble and urinary incontinence. Dr. Noran was unable to determine the etiology of the condition. The Claimant has since that time been in a rest home totally and completely disabled and unable to even testify in his own behalf.
The deputy found that the most reasonable and logical cause for "this serious injury to the Claimant's brain" was the hospitalization in December, 1977, that he has been "temporarily and permanently disabled" as a result of his initial injury and subsequent complications, and that he *209 was entitled to compensation from 7-1-78 (his date of retirement) and continuing. The deputy further found that the statute of limitations defense was not applicable because the City paid claimant's full salary until 7-1-78 "in lieu of compensation" and ordered the employer/carrier to pay claimant PTD benefits from 7-1-78 at the rate of $119 per week and the submitted medical bills, including those for the nursing home, as well as costs and attorney fees.
In Florida, the state is under a special duty to protect incompetent persons and their property as a class incapable of protecting themselves. As this court has said in Cornelius v. Sunset Golf Course, 423 So.2d 567, 569 (Fla. 1st DCA 1982):
Infants and incompetents are wards of the court, and courts have the duty and obligation to preserve and protect the ward's interest. This rule applies to appellate courts as well as trial courts, and in the case of incompetents, reviewing courts will even hear arguments asserted for the first time on appeal. Furthermore, a guardian ad litem cannot bind an incompetent by admission or waiver, and the courts must protect the incompetent's interest notwithstanding the failure of a guardian ad litem to do so. This is particularly true in workers' compensation cases where the law is to be liberally construed in favor of the claimant.
(cites omitted). Once the suggestion of claimant's incompetence was presented to the deputy commissioner, and an evidentiary basis for the suggestion of incompetence was established, whether or not the parties raised it as a formal issue, the deputy commissioner was under a duty to inquire into and make a determination of claimant's competence, and if she found him incompetent, to suspend all further proceedings until a guardian had been appointed to protect his interests. Aris v. Big Ten Taxi Corporation, 330 So.2d 465, 466 (Fla. 1976). This the deputy commissioner failed to do.
The employer/carrier appealed Deputy Commissioner Housholder's order, and on 10-13-81 this Court reversed the order and dismissed the claim, finding that the statute of limitations was not tolled by the employer's payment of wages because, "the continuing wage payments were not intended by the employer as in lieu of Chapter 440 compensation, and Allen could not reasonably have thought the employer so regarded those payments." City of St. Augustine v. Allen, 404 So.2d 1115, 1118 (Fla. 1st DCA 1981). The court in its opinion noted that claimant had suffered "personality changes and loss of memory and balance, ... was neurologically diagnosed as suffering organic brain damage ... [and] was unable to testify at the hearing held in April, 1980 because he was disturbed mentally and completely disabled physically."
This Court was under the same duty to protect the interests of the claimant as was the deputy commissioner whose order the Court was reviewing. In addition to the record evidence suggesting claimant's incompetence, this Court had before it a motion for rehearing filed by claimant's appellate counsel, Bill McCabe, asserting that under section 440.19(3), the statute of limitations was tolled from December, 1977, when claimant became mentally incompetent, because no guardian or authorized representative had been appointed for him, citing Aris, and pointing out the portions of the record wherein his poor mental condition was mentioned, and the specific findings in this Court's opinion regarding claimant's mental incompetence. This Court failed in its duty to this claimant and compounded that failure by denying the motion for rehearing without explanation.
This obligation to inquire into a suggestion of incompetence was first addressed by Chief Commissioner Carroll, upon claimant's petition, through his attorney, to modify the order of 7-22-80 pursuant to section 440.28, on the ground that it contained a mistake of fact. By stipulation of the parties, the chief commissioner considered the prior record made before Deputy Commissioner Housholder and also had the opportunity to observe the claimant and his family. In his order of 3-31-82, he found that *210 the issue of incompetency was "squarely presented to the Deputy Commissioner", that "claimant is so unsound of mind that he is unable to manage his ordinary affairs of life", that the prior record and testimony established that claimant was totally incompetent after December, 1977, and that "he meets the requirements of Section 440.19(3), F.S. (1977) for being excused from the otherwise applicable limitation provision until he has a guardian or other authorized representative". The chief commissioner found that there were evidentiary factors before the deputy commissioner which supported the incompetency claim and that it was a mistake of fact for the deputy commissioner not to have recognized a valid limitations defense and ruled on the evidence presented on the matured issue, even though such a ruling may have been cumulative to her ruling regarding wages in lieu of compensation.
The commissioner noted that the doctrine of res judicata will not be invoked where it will work an injustice, citing Flesche v. Interstate Warehouse and U.S. F & G. Company, 411 So.2d 919 (Fla. 1st DCA 1982), and held:
Here the incompetency defense to limitations application was adequately raised, the supporting defense evidence was presented, but this particular limitations defense was not directly ruled upon by the Deputy Commissioner. Absent such a ruling, this incompetency limitations defense was not considered by the First District Court of Appeal when it was determined the claim was barred, leaving only this present modification proceeding as the mechanism for preventing an injustice.
The petition for modification was granted, the limitation provision was held inapplicable "because of claimant's continuing incompetency since December, 1977 without guardian or authorized representative," and the employer/carrier was ordered to comply with the 7-22-80 order "now reinstated by virtue of this limitations ruling." While the chief commissioner recognized and fulfilled his duty to inquire into the competency of the claimant, and his determination that claimant was incompetent from December, 1977, is supported by competent substantial evidence, he failed in his duty under Aris to suspend further proceedings until a guardian had been appointed. In fact, claimant was adjudged incompetent and a guardian appointed less than one week after the chief commissioner's order granting the petition to modify.
The employer/carrier appealed the chief commissioner's order and this Court reversed. City of St. Augustine v. Allen, 424 So.2d 939 (Fla. 1st DCA 1983). On appeal, the employer/carrier argued that claimant was attempting to circumvent this Court's previous order dismissing the claim, that the chief commissioner did not have jurisdiction over the matter, and that the claimant had waived his position by not putting his incompetency at issue in the original hearing. The parties apparently ignored Aris, in which the Florida Supreme Court upheld the ruling of a Judge of Industrial Claims that section 440.19(1) would not apply to an incompetent until a guardian or other authorized representative had been appointed to protect his interests. In Aris, the Industrial Relations Commission had reversed the JIC's ruling, intimating that the claim was barred by "estoppel, res judicata, laches or some other unnamed, like legal theory," and the employer/carrier asserted on appeal that Mr. Aris had been competently represented in fact in all of the compensation proceedings. Id. at 466-67. The Florida Supreme Court responded:
That may be so, but Section 440.19(3) does not allow the claims statute to run against adequately represented incompetents for whom no guardian has been appointed.
We hold, therefore, that the claims statute in Section 440.19(1) is no bar to Mr. Aris' recent proceeding and will not be until a guardian is appointed to protect his interests in these matters.
Id. at 467.
This Court's opinion in City of St. Augustine II made no mention of the record *211 evidence and the observations in City of St. Augustine I regarding claimant's mental incompetence, and held that the chief commissioner had erred in granting the petition for modification because, "the issue of incompetency as tolling the statute of limitations was never substantially raised in the original hearing before the deputy commissioner ... [but] was only casually mentioned by claimant's counsel during his explanation to the deputy commissioner of the `logical cause' theory of causation," so that it could not be a "mistake in a determination of fact" for the deputy commissioner not to have recognized and ruled upon the issue of incompetency. 424 So.2d at 940. Having before it the question of claimant's incompetence and the record made at both prior proceedings, this Court again failed in its obligation to protect the incompetent claimant's interests. Claimant's appellate attorney filed a motion for rehearing, asserting that City of St. Augustine II was in direct conflict with Cornelius v. Sunset Golf Course, 423 So.2d 567 (Fla. 1st DCA 1982). The motion for rehearing was denied without explanation.
On 1-26-84, the attorney for claimant's guardian, Gregory Johnson, filed a claim for benefits. The case was assigned to Deputy Commissioner Rhodes Gay and the parties stipulated that the hearing would be limited to the defense issues of estoppel, res judicata, and the statute of limitations. The parties also stipulated to the procedural facts of the case, including:
12. The affirmative defense of incompetency to the defense of Statute of Limitations was not raised at the original hearing on the claim of Edward Allen held on April 3, 1980.
13. For the purposes of this hearing only, it is stipulated that Edward Allen was mentally incompetent from December, 1977, until April 5, 1982. If it is determined that the Statute of Limitations has not run, or that any of the other defenses raised by the carrier are not a bar to this action, and a hearing on Edward Allen's entitlement to any further benefits under the Workers' Compensation Law becomes necessary, the carrier shall not be bound by this stipulation and is free to contest Edward Allen's incompetency at any time.
On 3-14-85 Deputy Commissioner Gay issued the order from which this appeal is taken, ruling that the doctrine of res judicata barred the claim and precluded claimant from raising the issue of his incompetency as a defense to the running of the statute of limitations, citing Horowitz v. United Investors Corporation, 227 So.2d 719 (Fla. 3d DCA 1969) and Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla. 2d DCA 1969). Faced with two prior reversals on the issue of the statute of limitations, Deputy Commissioner Gay can hardly be blamed for this finding. Nevertheless, this holding ignores Aris and Cornelius and must, in the interest of justice, be reversed.
In addition to the statute of limitations issue, the employer/carrier raised in the first appeal several other issues which were not addressed by this Court in City of St. Augustine I because they were mooted. These issues were: 1) whether the deputy commissioner misapplied the "logical cause rule" in light of the evidence submitted; 2) whether the deputy commissioner's findings and conclusions were supported by competent substantial evidence; 3) whether the findings and conclusions were based on speculation or conjecture; and 4) whether the deputy commissioner erred in failing to apply apportionment or to allow further testimony on that point. Although they were again not addressed in City of St. Augustine II, these same issues were raised in the second appeal, with substantially the same arguments. The record on appeal in the instant case contains the transcript of the hearings before Deputy Commissioner Housholder and Chief Commissioner Carroll.
Because the parties stipulated that claimant was incompetent at the time the hearings took place, these proceedings, and the resulting orders, are voidable at the option of the claimant, through his guardian, who shall inform the deputy commissioner *212 within 30 days of issuance of mandate from this court whether he chooses to ratify the proceedings before Deputy Commissioner Housholder and Chief Commissioner Carroll, including the resulting orders, or whether he chooses to have either of them voided based on the claimant's incompetency at the time the proceedings were held.
If he chooses not to ratify the prior proceedings, they shall be voided and the parties may renew proceedings on the claim before the deputy commissioner. If he chooses ratification, the issue of claimant's incompetency tolling the statute of limitations will have been finally determined and no further argument on this issue shall be entertained by the deputy commissioner. Upon appellant's ratification of the prior proceedings, the deputy commissioner shall enter a final order reflecting that ratification, upon which the parties may proceed to initiate appellate review as they desire.
REVERSED and REMANDED to the deputy commissioner for further proceedings consistent with this opinion.
ZEHMER, J., concurs.
NIMMONS, J., dissents, with written opinion.
NIMMONS, Judge, dissenting.
I respectfully decline to participate as a "super panel" in second guessing what other duly constituted panels of this Court have, presumably with finality, done several years earlier.
I share the majority's view that this Court has a responsibility of protecting the interests of incompetents. But once the Court has determined the question of claimant's entitlement to relief as an alleged incompetent as the Court has earlier done with regard to this claimant  indeed, on no less than two occasions  the matter should end there.
In my view, the precedent set by the majority's opinion will compound an already substantial problem plaguing our judicial system  lack of finality.