PER CURIAM.
The parties to this Workers’ Compensation appeal have been here thrice before on matters stemming from the original claim. However, this is the first consideration by this court of the case’s merits. See City of St. Augustine v. Allen, 404 So.2d 1115 (Fla. 1st DCA 1981), City of St. Augustine v. Allen, 424 So.2d 939 (Fla. 1st DCA 1983), and Allen v. City of St. Augustine, 500 So.2d 206 (Fla. 1st DCA 1986).
On June 17, 1977, claimant scraped his left shin during the course of his employment. Because of an underlying diabetic condition, the injury was slow to heal and he was hospitalized a number of times for treatment in November and December 1977, and January 1978. After these hospitalizations claimant’s mental condition seriously deteriorated.
Claimant filed a claim for benefits on January 15, 1980 seeking temporary total disability (TTD), permanent total disability (PTD), and medical benefits. A hearing was held on April 3, 1980 and the deputy commissioner (DC) reviewed extensive live and deposition testimony as well as medical records from several doctors. The DC found that prior to the December 1977 hospitalizations, claimant had a clear mind, a friendly and good personality, and was an excellent employee. The DC also found that after the subject hospitalizations claimant had undergone a complete personality change. The DC referred particularly to the testimony of Dr. Noran who diagnosed the claimant as suffering from organic brain damage with mental dysfunction. When asked about the significance of the mental dysfunction manifesting itself following the December 1977 hospitalizations, Dr. Noran stated “I think that’s some indication that obviously something happened during that period of time.”
The DC found that the most reasonable and logical cause for claimant's brain damage was his December 1977 hospitalizations and that the employer/carrier (E/C) failed to prove a more logical cause. The DC awarded claimant TTD and certain medical benefits for his initial injury and subsequent complications from July 1, 1978 (his *1033 date of retirement) and continuing. The E/C appealed.
“[W]here an injury is shown, and the evidence presents a sufficiently logical explanation of a causal relationship between the accident and the subsequent injury, the burden shifts to the employer/carrier to show a more logical cause.” Ralosky v. Dynamic Builders, Inc., 500 So.2d 193, 195 (Fla. 1st DCA 1986) (quoting Poorman v. Muncy & Bartle Painting, 433 So.2d 1371, 1372 (Fla. 1st DCA 1983)). Claimant argues that the subsequent injury in the instant case was the result of his December 1977 hospitalizations which in turn were necessitated by his compensable shin scrape. “[W]hen an injury occurring during the course of employment necessitates treatment, and the treatment either prolongs or exacerbates the original injury, then the aggravation is compensable ...” American Mutual Insurance Co. v. Decker, 518 So.2d 315, 318 (Fla. 2d DCA 1987).
Before the logical cause rule could be applied in this case, the claimant had to establish a causal relationship between his compensable shin scrape and his December 1977 hospitalizations. Logically, claimant must establish this even before a burden shifting, “sufficiently logical explanation of a causal relationship” will ascribe claimant’s organic brain disease to his compen-sable shin scrape.
The DC applied the logical cause rule, with thorough analysis, to determine that the December 1977 hospitalizations caused claimant’s organic brain damage. As to what led to those hospitalizations, however, the DC’s findings are not so conclusive. In the order, the DC stated: Dr. Magre placed the claimant in the hospital in November 1977 “for care of the ulcers on both legs, both of which I find to be related to the aggravation of the underlying diabetic con-dition_ Subsequent thereto in December, 1977, the claimant was again hospitalized for the debridement of the ulcer condition....” Neither this language nor any other in the order indicates a finding that the claimant’s original shin scrape led to the December 1977 hospitalizations.
Dr. Magre’s “operative reports” show that claimant received three operations in the December 1977 time period, one on December 16, 1977, one on December 30, 1977, and one on January 2, 1978. All three indicate ulcer surgeries on the right leg only. Claimant’s compensable injury, however, was to his left shin area. Claimant’s assertion that his treating physicians attributed the ulcers for which he was hospitalized to his compensable accident has no support in the record. We find these facts lead to the conclusion that claimant’s December 1977 hospitalizations were not causally related to his compensable shin scrape which breaks the causal chain between the shin scrape and the organic brain damage.
Because we find that claimant’s December 1977 hospitalizations were not causally related to his compensable shin scrape, we need not reach the issue of whether those hospitalizations were the logical cause of his brain damage. The E/C’s remaining points on appeal are without merit.
REVERSED.
BOOTH, SHIVERS and THOMPSON, JJ., concur.