544 So.2d 1051 (1989)
Miguel A. ARTIGAS, Appellant,
v.
WINN-DIXIE STORES, INC. and Crawford and Company, Appellees.
No. 87-1044.
District Court of Appeal of Florida, First District.
May 25, 1989.
Alex Lancaster of Alex Lancaster, P.A., Sarasota, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
BOOTH, Judge.
This cause is before us on appeal of an order of the deputy commissioner denying requested benefits for lack of evidence. For the following reasons, we reverse.
Claimant was injured unloading produce from the employer's truck in August 1983. Although the injury was to his spine, he soon began developing related mental problems. According to Dr. Lose, a psychiatrist whose testimony the deputy accepted in an earlier order, claimant currently suffers from posttraumatic psychosis. Symptoms include extreme paranoia, delusional, fragmented thinking, depression, and suicidal and homicidal inclinations. Claimant's condition seems to have worsened steadily during the several years since his injury, although he has been at physical maximum medical improvement since October 1986.
Although the deputy found that claimant's psychiatric condition was related to his compensable injury and ordered psychiatric treatment, claimant stopped seeing authorized psychiatrists after a few initial visits. The record reflects that during this time, he was "Baker Acted" for the first of *1052 several times. Ultimately, doctors treating claimant for compensable physical problems found him impossible to work with and refused to treat him further. Claimant's attorney also withdrew from representation in 1986.
After 1986, claimant had no attorney and was unable to find one. Although the deputy found in several prior orders that claimant was incompetent to represent himself in his compensation proceeding, claimant did represent himself because he had no one else. The employer/carrier stopped paying temporary benefits in October 1986, and claimant filed his own request for permanent disability or other, alternative benefits.
The deputy entered an order in July 1987 denying all benefits. In August 1987, new counsel appeared on claimant's behalf to request that the merits order be temporarily vacated. Counsel hoped to obtain a circuit court determination of incompetency and appointment of a guardian. After hearing argument, the deputy declined the request, believing he had no authority to rule on competency and had no power to require a guardian absent a prior adjudication of incompetency.
We reject the employer/carrier's contention that current appellate counsel does not have standing to represent claimant. The record reflects that counsel was hired by claimant's relatives pursuant to a power of attorney executed by claimant some days after the order was entered below. Although it is true that claimant was adjudicated incompetent to stand trial in an unrelated criminal proceeding just days before he signed the power of attorney, he was not simultaneously adjudicated incompetent for all purposes. See § 394.467(3)(d), Fla. Stat. (1987).
Having determined that the appeal was validly taken, we now turn to the merits. In Allen v. City of St. Augustine, 500 So.2d 206 (Fla. 1st DCA 1986), review denied, 504 So.2d 766 (Fla. 1987), this court held at 209:
Once the suggestion of claimant's incompetence was presented to the deputy commissioner, and an evidentiary basis for the suggestion of incompetence was established, whether or not the parties raised it as a formal issue, the deputy commissioner was under a duty to inquire into and make a determination of claimant's competence, and if she found him incompetent, to suspend all further proceedings until a guardian had been appointed to protect his interests. Aris v. Big Ten Taxi Corporation, 330 So.2d 465, 466 (Fla. 1976).
Thus, contrary to the deputy's belief below, he not only had the authority to determine claimant's competence, but also had the duty to do so. As the record below contained an evidentiary basis for the suggestion that claimant was incompetent, it was error not to make a determination of competence. Following a determination of incompetence, the deputy should then have continued the proceeding to permit a petition in a circuit court of competent jurisdiction to appoint claimant a guardian.
Accordingly, this cause is reversed and remanded for further proceedings in accordance with this opinion.
JOANOS and MINER, JJ., concur.