578 So.2d 356 (1991)
Estrella ARTIGAS, As Guardian, Appellant/Cross-Appellee,
v.
WINN DIXIE STORES, INC., and Crawford & Company, Appellees/Cross-Appellants.
No. 89-2155.
District Court of Appeal of Florida, First District.
April 9, 1991.
Rehearing Denied May 15, 1991.
*357 Alex Lancaster of Alex Lancaster, P.A., Sarasota, for appellant/cross-appellee.
Claire L. Hamner and Victoria H. Pflug of Dickinson, O'Riorden, Gibbons & Shields, P.A., Sarasota, for appellees/cross-appellants.
ALLEN, Judge.
This is an appeal from a workers' compensation order setting the date of the claimant's maximum medical improvement, awarding temporary total disability benefits for the period prior to that date, awarding permanent total disability benefits thereafter, and awarding compensation for attendant care furnished by the claimant's parents. The appellant is the mother and the appointed guardian for the incompetent adult claimant. The appellees are the employer and carrier. No error is asserted by any of the parties in the awarding of temporary total disability benefits prior to the date of maximum medical improvement, in the awarding of permanent total disability benefits thereafter, in the setting of the date of maximum medical improvement, or in relying upon Section 440.13(2)(e)(1), Florida Statutes, in setting the rate of compensation for attendant care services. However, the parties contend that the order under review reflects other errors by the judge of compensation claims.
The appellant argues that the judge was without jurisdiction to direct disbursements from the guardianship account to reimburse the claimant's parents for damages done to the parent's residence by the claimant and to reimburse them for room and board provided to the claimant. She also contends that the judge erred in reducing the attendant care benefits by the amount of the permanent total disability benefits. Finally, she argues that the order awarding compensation for attendant care services by the claimant's parents at an hourly rate of $3.35, the then-prevailing federal minimum wage, should have provided for the rate to increase automatically upon an increase in the federal minimum wage.
The appellees argue in their cross-appeal that there was an absence of competent substantial evidence to support the finding that the claimant was in need of 24-hour per day attendant care. They also contend that a family member providing nonprofessional attendant care pursuant to Section 440.13(2)(e), Florida Statutes, can be compensated for no more than 12 hours per day.
We hold that (1) competent substantial evidence supported the judge's finding that the claimant was in need of 24-hour per day attendant care; (2) a family member providing attendant care pursuant to Section 440.13(2)(e), Florida Statutes, can be compensated for no more than 12 hours per day; (3) the appellant's argument that the order should have provided for an automatic increase in the rate of compensation for attendant care upon an increase in the federal minimum wage was not raised before the judge of compensation claims and is therefore not preserved for appeal; (4) the judge of compensation claims lacked jurisdiction to direct the disbursements from the guardianship account; and (5) the judge also erred in directing that the attendant care benefits would be reduced by the amount of the permanent total disability benefits. We therefore affirm in part, reverse in part, and remand for entry of a new order in accordance with this opinion.
This case, which was the subject of an earlier appeal, Artigas v. Winn-Dixie Stores, Inc., 544 So.2d 1051 (Fla. 1st DCA 1989), involves a claimant who was injured unloading produce from his employer's truck in August of 1983. Although the initial injury was to the claimant's spine, his inability to cope with the injury resulted in the development of a mental disorder. *358 The symptoms of the mental disorder progressively worsened over the years. Nevertheless, the appellees discontinued payment of temporary benefits in October of 1986. Thereafter, a circuit judge adjudicated the claimant to be incompetent and appointed his mother to serve as guardian of his person and property.
Testimony presented at the hearing before the judge of compensation claims revealed that the claimant's mental condition caused his conduct to become extremely irrational and sometimes destructive. As a result, he apparently caused some damage in his parent's home, where he had been living for several months prior to the hearing. Testimony was also offered for the purpose of establishing that the claimant's mental condition made attendant care services necessary.
Although he was apparently not requested to do so, the judge directed in his order that the claimant's parents should be compensated from the guardianship account for the damage done to their home. The order also directed reimbursement to the parents, again from the guardianship account, for the reasonable value of the room and board provided to the claimant by his parents.
The judge apparently also found that the claimant was in need of 24-hour per day attendant care services. Whether he actually so found, or simply meant to observe that 24-hour per day attendant care is the maximum which can be awarded under any circumstances, is not clear, because of the ambiguous language used. In any event, the judge did clearly find that the claimant's parents had been providing attendant care services since March 1, 1989, and he found that the parents should be compensated for those services at the rate of $3.35 per hour, the then-prevailing federal minimum wage. Section 440.13(2)(e)(1), Florida Statutes, was applied by the judge in reaching the compensation rate, because the mother was not employed and the nighttime care provided by the father did not require him to relinquish his daytime employment. However, the judge then directed that the attendant care benefits payable each week would be reduced by the amount of permanent total disability benefits payable each week.
We first reject the appellee's/cross-appellant's argument that there was an absence of competent substantial evidence to support a finding that the claimant was in need of 24-hour per day attendant care. The testimony as to the claimant's conduct, together with the opinions offered by the medical experts, provided a sufficient evidentiary basis for a finding that the claimant needed 24-hour per day attendant care.
Next, we consider the appellee's/cross-appellant's argument that a family member providing attendant care under Section 440.13(2)(e), Florida Statutes (1989), can be compensated for no more than 12 hours per day. Chapter 89-289, § 10, Laws of Florida, which became effective on October 1, 1989, limited a family member providing nonprofessional attendant or custodial care under Section 440.13(2)(e), Florida Statutes, to a maximum of 12 hours compensation per day. Accordingly, any award of compensation for attendant care provided after September 30, 1989, in the present case is subject to this limitation. See Williams v. Amax Chem. Corp., 543 So.2d 277, 280 (Fla. 1st DCA 1989).
We turn next to the appellant's argument that the order was deficient in setting the rate of attendant care at $3.35 per hour, the prevailing federal minimum wage at the time the order was entered, rather than providing for an automatic increase in the rate of attendant care compensation upon an increase in the federal minimum wage. Because this issue was not raised before the judge of compensation claims, we decline to decide it here. We do observe, however, that an upward adjustment in the rate of compensation for attendant care due to an increase in the federal minimum wage can be the subject of a new claim upon remand of this case.
Next, we address that portion of the order which directed disbursements from the guardianship bank account to reimburse the claimant's parents for damages *359 done by the claimant to the parent's home and for the reasonable value of room and board provided by the parents to the claimant. Judges of compensation claims are not empowered to authorize or direct disbursements from guardianship bank accounts. Such authority is expressly and exclusively conferred upon the circuit courts. See Section 744.102(4) and Sections 744.387  744.447, Florida Statutes (1989). Accordingly, the judge of compensation claims lacked jurisdiction to direct the disbursements to the claimant's parents from the guardianship account.
Finally, we turn to that portion of the order which directed that the award of attendant care benefits would be reduced by the amount of the permanent total disability benefits. Permanent total disability benefits under Section 440.15(1), Florida Statutes (1989), and attendant care benefits under Section 440.13(2), Florida Statutes (1989), serve entirely different purposes. Disability benefits are awarded in order to partially compensate an injured worker for the lost earning capacity occasioned by an industrial accident, but attendant care benefits are provided to cover medically necessary expenses attributable to the claimant's disability. Under the scheme of Chapter 440, these benefits are cumulative, not mutually exclusive, and nothing in Chapter 440 suggests that the award of one warrants an offset against the other. Accordingly, we hold that the judge erred in reducing the attendant care benefits by the amount of the permanent total disability benefits.
As indicated earlier, the judge's finding as to the number of hours of attendant care required by the claimant each day was not clear. The judge found that "the maximum benefit would be twenty-four hours a day, seven days a week, or 168 hours per week at $3.35 an hour." (Emphasis added). He then indicated that he would "deduct from that amount [the claimant's disability benefits], as being the approximate fair market value of services which would be otherwise gratuitously rendered by family members within the meaning of the statute." From this language, one could conclude that the judge believed that the claimant was entitled to less than 24 hours per day of attendant care benefits, because during a portion of each day, the parents were providing services for the claimant which should be excluded under Section 440.13(2)(d), Florida Statutes (1989). That section provides:
(d) The employer shall provide appropriate professional or nonprofessional custodial care when the nature of the injury so requires, but family members may not be paid for such care when the services they provide do not go beyond those which are normally provided by family members gratuitously.
In his order upon remand, we direct that the judge shall indicate the number of hours of attendant care compensation he is awarding from March 1, 1989. If the number of hours of attendant care awarded after that date is less than 24 hours per day, the order should explain the basis for the number of hours of attendant care compensation awarded and the basis for any reduction of attendant care benefits due to the requirements of Section 440.13(2)(d). In setting the number of hours of attendant care to be awarded, the judge should give consideration to our decisions in Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990); Williams v. Amax Chem. Corp., 543 So.2d 277 (Fla. 1st DCA 1989); Amador v. Parts Depot, Inc., 508 So.2d 1320 (Fla. 1st DCA 1987); and Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986). If the judge determines these cases to be inapplicable to the setting of the number of hours of attendant care in the present case, he should explain his rationale for distinguishing the cases.
Accordingly, we affirm in part and reverse in part, and we remand this cause to the judge of compensation claims for entry of a new order which complies with the holdings and directions set forth in this opinion.
SHIVERS, C.J., and BOOTH, J., concur.