622 So.2d 1346 (1993)
Estrella ARTIGAS, As Guardian for Miguel Artigas, Appellant,
v.
WINN DIXIE STORES, INC., and Crawford & Company, Appellees.
No. 91-4179.
District Court of Appeal of Florida, First District.
August 10, 1993.
*1347 Shayla Freeman Simmons of Lancaster & Eure, P.A., Sarasota, for appellant.
Frank L. May and Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
WOLF, Judge.
The appellant in this case, Estrella Artigas, as guardian for her son, Miguel Artigas, challenges a final order of the judge of compensation claims (JCC) which denies claims for payment of certain medical bills. The order found that as a matter of law, the claims for these bills were not timely filed nor timely litigated. The JCC stated that the bills were for services provided prior to the date of the last final hearing and, therefore, he lacked subject-matter jurisdiction. We determine that questions of fact existed as to the application of the doctrine of res judicata, and that the JCC erred in determining that he lacked subject-matter jurisdiction. We, therefore, reverse and remand for further proceedings to determine whether the claimant may proceed with his claim for payment of medical bills.
The claimant was injured in the course and scope of his employment on August 9, 1983. Although the original injury was a spinal injury, the claimant began developing related psychological problems. The JCC determined that the psychiatric condition was related to the compensable injury. Appellant's attorney withdrew sometime in 1986. In July of 1987, at a hearing where the claimant represented himself, all claims for benefits were denied based on a lack of evidence. In August 1987, a new attorney requested that the merits order be vacated and that he be given an opportunity to proceed in circuit court to obtain a guardian for claimant. Despite being aware of claimant's condition and having previously ruled that claimant was unable to represent himself, the JCC denied the request. This order was appealed. On May 25, 1989, in Artigas v. Winn-Dixie Stores, Inc., 544 So.2d 1051 (Fla.1st DCA 1981), (Artigas I), this court found that the JCC erred in refusing to determine the competency of the claimant, and that the claimant should have been permitted to proceed to circuit court to have a guardian appointed. At some point, while the appeal was pending, a guardian had been appointed. The record does not reflect when the guardian was actually appointed.
During the period between the July 1987 hearing and the decision of this court in Artigas I, the claimant incurred medical expenses. Hospitalizations occurred from September 2, 1987, through December 9, 1987, and from April 18, 1988, through May 27, 1988. Certain doctors' bills related to the mental illness were also incurred during this time period. While partial payments were made as to some of these bills, it is unclear from the record before us when the bills were sent, who received the bills, or who made the partial payments. A hearing was held on July 20, 1989, at which time the JCC set the date of the claimant's maximum medical improvement, awarded temporary total disability benefits from that date, awarded permanent total disability benefits, and awarded compensation for attendant care furnished by the claimant's parents.[1] The claim for payment of the medical bills was not raised at this hearing.
A claim for the disputed medical bills was first filed on May 1, 1991. The employer/carrier *1348 (E/C) denied the claim. This decision was upheld by the JCC, who determined that no factual evidence should be presented because the claim for payment of medical bills was ripe at the earlier, July 1989, hearing and, therefore, the present litigation of the claim was not timely. The JCC also ruled that the bills were not timely claimed pursuant to section 440.13(2)(d) which requires submission to the E/C within 14 days of treatment. No specific factual findings concerning prejudice or good faith were made as to either issue.
We first discuss the question of whether the claim for medical bills was timely litigated in light of the failure to raise this claim at the July 20, 1989, hearing. Generally, claims for compensation benefits should be determined at a benefits hearing if they are mature because piecemeal litigation of claims after maturity is not permitted. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla.1st DCA 1982), and Florida Power and Light Co. v. Haycraft, 421 So.2d 674 (Fla.1st DCA 1982). Therefore, compensation claims which are not timely litigated may be waived by application of the doctrine of res judicata. Green Thumb Corp. v. Butten, 393 So.2d 613 (Fla.1st DCA 1981). Except under limited circumstances, compensation orders are governed by the same principles of res judicata as applied in other courts. PLM Florida Hotels, Inc. v. DeMarseul, 611 So.2d 1360 (Fla.1st DCA), rev. denied, 620 So.2d 760 (1993). The doctrine of res judicata is not a jurisdictional determination, but rather a defense which must be asserted by a party to the litigation. Gladstone v. Kling, 182 So.2d 471 (Fla.1st DCA 1966). The appropriate application of the doctrine may involve factual determinations, including whether application of the doctrine would result in an injustice. Gladstone, supra. The doctrine should not be applied in cases where it would result in an injustice. Id. at 474, and Allen v. City of St. Augustine, 500 So.2d 206 (Fla.1st DCA 1986). Specifically, application of the doctrine to an incompetent as a result of a prior proceeding which occurred during his incompetency may result in injustice. Id. at 210, 211. It is unclear from the record before us what role claimant's incompetence played in the failure to timely litigate the medical claims. Prior to application of the doctrine of res judicata, the JCC must make specific factual determinations concerning this issue, including, but not limited to, when a guardian was appointed, when the medical bills were submitted for payment, who paid portions of these bills, and whether the guardian should have been aware of the bills and submitted them prior to the July 17, 1989, hearing. Absent these findings, it was error in this case to apply the doctrine of res judicata.
We also find that the JCC erred in ruling as a matter of law that claimant was precluded from seeking payment of medical bills because they were not submitted to the carrier in a timely manner. The claimant should have been given the opportunity to present evidence which would demonstrate whether good cause existed which would excuse the late submission of the claims. Section 440.13(2)(d), Fla. Stat.; cf. Town and Country Farms v. Peck, 611 So.2d 63 (Fla.1st DCA 1992).
We, therefore, remand for an evidentiary hearing as to the timeliness of both the filing of the claim and the litigation of the claim.
ERVIN, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Certain aspects of the final order were appealed to this court, and the order was affirmed in part and reversed in part. Generally, the court found that the JCC erred in directing disbursements to the claimant's parents from the guardianship account, and erred in reducing the attendant care benefits by the amount of the permanent total disability benefits. All other issues were affirmed. See Artigas v. Winn Dixie Stores, Inc., 578 So.2d 356 (Fla. 1st DCA 1991) (Artigas II).