421 So.2d 674 (1982)
FLORIDA POWER & LIGHT COMPANY, Self-Insured, Appellant,
v.
Howard HAYCRAFT, Appellee.
Nos. AI-59, AK-391.
District Court of Appeal of Florida, First District.
November 3, 1982.
Rehearing Denied December 2, 1982.
George F. Taylor, Jr., Miami, for appellant.
Howard L. Silverstein of Silverstein & Hellman, Miami, for appellee.
THOMPSON, Judge.
The self-insured employer appeals two workers' compensation orders. One order was entered pursuant to a petition for modification and awarded claimant temporary total disability (TTD) benefits and permanent total disability (PTD) benefits. The other order awarded claimant's attorney a fee of $17,500. We agree the deputy commissioner erred in awarding TTD benefits and reverse the modification order in part. We modify the attorney's fee order.
The issue of whether the claimant was entitled to TTD benefits was ripe for determination at the time of the initial hearing on June 16, 1978 and the claimant should have made any claim for TTD or temporary partial disability (TPD) benefits at that time. A claim for TTD benefits matured at the time the claimant was injured. Only PTD or PPD benefits do not mature until claimant reaches maximum medical improvement. Claimant should have made any claims he might have had for TTD or TPD in the pre-trial stipulation and at the June 16, 1978 hearing. No claim for TTD benefits was made in the pre-trial *675 stipulation. Claims for compensation benefits should be determined at a hearing if they are mature and only the determination of immature claims should be postponed until further hearing when they are ripe. The piecemeal litigation of claims after maturity is not permitted. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982). The award of TTD benefits is therefore reversed.
We find no reversible error in the deputy's finding of a changed physical condition and in using psychiatric testimony to support the modification.
Appellant contends that the $17,500 attorney's fee awarded the claimant's attorney is excessive. In his brief, appellee's attorney agrees that the fee is in excess of the approximately $15,000 statutory fee and states that he would not be adverse to a reduction if warranted by the facts and the law. In his order the deputy commissioner states that he has taken into consideration all the factors set forth in § 440.34, Fla. Stat., Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), and Orange County School Board v. Van Zant, 400 So.2d 1019 (Fla. 1st DCA 1981), and carefully lists all of the factors that he considered, including the number of hours expended by claimant's attorney. However, without stating the number of hours expended or without stating the effect, if any, of any of the factors considered he then found a reasonable fee to be $17,500. The mere recitation of the factors considered, without a finding as to which of those factors, if any, should affect the determination of the fee and without an explanation as to why they affect determination of the fee is of no assistance to this court in determining whether the deputy commissioner arrived at a reasonable fee. Since no basis for a deviation from the fee schedule has been shown in this order, we find that a reasonable fee for claimant's attorney in this case is $15,000. Accordingly, the order awarding claimant's attorney a fee is modified to provide for a $15,000 fee instead of a $17,500 fee.
The modification order is affirmed in part and reversed in part. The order awarding claimant's attorney a fee is modified to provide for a $15,000 fee and, as modified, is affirmed.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.