471 So.2d 591 (1985)
Jemima MOBLEY, Appellant/Cross-Appellee,
v.
WINTER PARK MEMORIAL HOSPITAL and All Risk Corporation, Appellees/Cross-Appellants.
No. BA-362.
District Court of Appeal of Florida, First District.
June 12, 1985.
Rehearing Denied July 16, 1985.
*592 J. David Parrish, of Hurt & Parrish, and Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellant/cross-appellee.
C. Thomas Ferrara, P.A., Altamonte Springs, for appellees/cross-appellants.
ZEHMER, Judge.
Claimant, Jemima Mobley, appeals from an order of the deputy commissioner determining average weekly wage. She contends it was error to value her terminated group health insurance coverage on the basis of the premium cost to the employer rather than on the basis of the premium cost to claimant when she converted that plan to an individual health plan with the same insurance carrier. We agree and reverse.
Claimant sustained a compensable injury in 1981. Prior to the injury she had worked as a nursing assistant for the employer hospital. She continued working a short time after the injury, but was thereafter paid temporary disability benefits for various periods through January 1984, when her status was changed to permanent total disability and accepted by the employer. During the period of temporary disability she remained in the hospital's employ on medical leave, and the employer continued to pay health insurance premiums on her behalf. The employer's pro rata cost of this premium was approximately $15 per week. In February 1984, after the claimant was accepted as permanently and totally disabled, the hospital terminated her employment, and her eligibility for continuing coverage under the hospital's group insurance plan was likewise terminated. The policy contained a conversion privilege, and claimant converted the coverage to personal insurance with the same carrier at a cost to her of $49 per week.
When claimant's employment was terminated the employer recognized a slight increase in her average weekly wage based on the $15 per week premium cost previously paid by it. Claimant contended the premium should be valued at her cost, not *593 the employer's, and filed the claim which is the subject of this appeal.[1]
The deputy erred in valuing the health insurance premium based on the cost to the employer rather than the cost to claimant on the record made in this case. Wages are defined in section 440.02(12), Florida Statutes (1981):
`Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer... . In employment in which an employee receives consideration other than cash as a portion of this compensation, the value of such compensation shall be subject to the determination of the deputy commissioner.
The employer does not dispute that the value of group insurance must be included in the amount of wages defined by the statute. Constanzer v. Sta Rite, 432 So.2d 775 (Fla. 1st DCA 1983); Lavin v. Alton Box Board Co., 431 So.2d 202 (Fla. 1st DCA 1983); Jess Parrish Memorial Hospital v. Ansell, 390 So.2d 1201 (Fla. 1st DCA 1980).
The cited statute places responsibility squarely on the deputy commissioner to determine the value of noncash consideration paid the employee. When the evidence establishes that the cost of such consideration to the employer is equivalent to the fair market value of the benefit to the employee, then obviously that cost is a competent measure of the consideration that must be included in computing average weekly wage by the deputy commissioner. It is also well established, however, that where the cost of the benefit to the employer is substantially less than the fair market value to the employee, as evidenced by the cost that the employee has to pay to obtain the same or a similar benefit no longer being furnished by the employer, the employer's cost is a legally insufficient measure of the amount to be included in the wage determination. See, e.g., Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1983); Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982); Spencer v. Chai Convalescent Home, Inc., IRC Order 2-2768 (1975). The cited decisions involve disputes over the value of meals provided by the employer, but the legal principle involved is applicable to the determination of any noncash consideration falling within the statutory definition of wages.
Any benefit which helps an employee meet his personal expenses should be included in the calculation of average weekly wage. Layne Atlantic Co. v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982). The ultimate test for determining whether a fringe benefit, such as meals, must be included is whether the employee receives a tangible benefit of a real, present-day value. State of Florida, Department of Health & Rehabilitative Services v. Ryan, 381 So.2d 269 (Fla. 1st DCA 1980). This court has held that the value of included meals must be based on their fair market value, determined in accordance with Internal Revenue Service regulations. Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982).
Fair-Way Restaurant v. Fair, 425 So.2d at 116.
In the instant case the evidence is undisputed that claimant exercised her privilege to convert the group health insurance plan and continued the same coverage with the same carrier at a cost to her of $49 per week. This constitutes a prima facie showing of the fair market value of that benefit to her.[2] The employer did not *594 present any evidence that comparable health insurance coverage could have been obtained by claimant at any lesser amount. Indeed, the carrier having accepted claimant as permanently and totally disabled, it is highly unlikely that claimant could have obtained any other health insurance coverage (for medical expenses unrelated to her compensable injury) absent her right to convert under the employer's group plan. The deputy applied the wrong rule of law in deciding this issue, and should have determined the fair market value of the benefit to claimant.
The employer has also cross-appealed, contending the deputy erred in determining claimant's average weekly wage based upon the wages of a similar employee. The record fully supports the deputy's determination of this issue. The carrier's argument on this point is completely without merit, and the order is affirmed on this issue.
We reverse and remand for recalculation of average weekly wage in accordance with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
JOANOS, J., concurs.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
I dissent. The majority finds it was error to include in the calculation of claimant's average weekly wage (AWW) the value of claimant's group health insurance coverage on the basis of the premium cost to the employer rather than on the basis of the premium cost to the claimant after she converted that plan to an individual health plan with the same carrier. No case in point has been cited as authority for this holding and I am unable to find any case that would support it. On the contrary, all the cases relating to insurance coverage furnished by the employer allow, at most, the inclusion in the AWW of the premium paid by the employer for such coverage.
In Reese v. Sewell Hardware Co., Inc., 407 So.2d 965 (Fla. 1st DCA 1982), the court held, "The deputy correctly determined that both the insurance premiums and the pension benefits should be included in Reese's average weekly wage." (Emphasis supplied.) In City of Tampa v. Bartley, 413 So.2d 1280 (Fla. 1st DCA 1982), this court held, "That portion of the pension contributions which provide for claimant's line of duty disability benefits would be includable in computation of average weekly wage in the same manner as premiums paid by the employer for an employee's group health or accident insurance coverage." (Emphasis supplied.) In Agrico Chemical Company v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980), this court held that only the employer's contribution to the medical insurance premiums was includable, explaining, "the employer's contribution to medical insurance premiums is of a present-day economic value to the claimant and was properly included in the computation of average weekly wage." (Emphasis supplied.)
It is common knowledge that group insurance purchased by employers costs less per insured than does the same insurance when purchased by an individual, even from the same insurer. However, I can find no case decided by the Industrial Relations Commission or this court which allows an amount greater than the premium paid or the portion of the premium paid by the employer to be included in the AWW.
Several cases involving disputes over the value of meals are cited by the majority as support for their view that it is the cost to the claimant, and not what the employer pays, that is includable in the AWW. In each case the employer had grossly undervalued the meals furnished the employee *595 and it was held that a realistic and true value of the meals should be included in determining the AWW. An insurance premium cannot be arbitrarily undervalued by the employer. The premium is a definite, fixed amount, established by the insurer and employer in an arms length transaction. The "meals" cases are simply not applicable to this case.
There is no case law or statutory authority to support the inclusion of the claimant's cost of insurance in the calculation of the AWW. In fact, the manner of calculation approved by the majority is contrary to the definition of wages as it is set forth in their opinion. The definition provides in part: "`Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer... ." (Emphasis supplied.) At the time of her injury the claimant was receiving medical coverage based on the group insurance premium paid by the employer. Under both statutory law and case law, if the employer furnishes insurance coverage, the proper amount to be included in the AWW is the insurance premium, or the portion of the premium, paid by the employer at the time of the injury. I would affirm both the appeal and cross-appeal.
NOTES
[1] The average weekly wage determined in the appealed order is $178.78, resulting in a compensation rate of $119.19 per week. If claimant is to be permitted to maintain her medical insurance coverage, she will have only $70.19 per week to meet her other living expenses.
[2] We need not be concerned in this case with whether the fair market value of this benefit should be determined in accordance with Internal Revenue Service regulations. See Rhaney v. Dobbs House, Inc., 415 So.2d 1279. Medical insurance premiums are generally tax-exempt income and are not ordinarily imputed to the employee under the Internal Revenue Code and Regulations. Certainly this record contains no evidence to this effect. Whether the value of benefits imputed as income to an employee under the Internal Revenue Code and Regulations might be decisive of value in the face of uncontradicted evidence that the employee's fair and reasonable cost of the benefit exceeds such imputed amount is a question we need not reach in this case.