538 So.2d 1338 (1989)
Willard BRANTLEY, Appellant,
v.
Ronald ALLEN d/b/a Lake Glass and Auto-Owners, Appellees.
No. 88-838.
District Court of Appeal of Florida, First District.
February 17, 1989.
Rehearing Denied March 29, 1989.
George J. Adler, P.A., Orlando, for appellant.
Kurt Preston Hampp, and Jeffrey W. Hensley, of Hampp & Schneikart, P.A., St. Petersburg, for appellees.
SHIVERS, Judge.
The claimant in this workers' compensation case appeals an order of the deputy commissioner (DC) denying his claim for increased average weekly wage (AWW) and compensation rate. We reverse the denial of the claim, and remand for further proceedings.
The record on appeal indicates that the claimant was injured in a compensable accident in June of 1979 and filed his first claim for benefits on July 16, 1979. The employer/carrier (E/C) gave notice the following day that they would accept responsibility for payment of medical treatment and "appropriate comp benefits," and the claim was never heard. In September of 1979, claimant amended his original claim to include a request for attendant care. Although a hearing was set for February of 1980, claimant notified the DC prior to that date that the issues had been resolved by the parties and, consequently, the hearing was cancelled.
On May 6, 1985, claimant filed a claim for reinstatement of attendant care and an application for hearing. After cancelling two scheduled hearings, a pretrial conference by telephone was eventually set for January 10, 1986. One week before the hearing date, claimant filed an offer to stipulate, listing his position as "reinstatement *1339 of nursing services and attendant care, costs, interest, penalties, and attorney's fees." AWW and comp rate were specifically noted not to be at issue. The E/C filed their offer to stipulate several days later, filling in the spaces marked AWW and comp rate with "N/A." A pretrial conference was conducted by telephone on January 10, 1986 and, on the same date, the DC entered a stipulation stating the claimant's and E/C's positions. The spaces beside AWW and comp rate on the DC's stipulation were also left blank. Prior to the scheduled hearing date, the E/C agreed to pay attendant care and attorney's fees, and the hearing was cancelled.
On September 22, 1986, the claimant filed the claim which is the subject of this appeal, in which he requested the correct determination of AWW and corresponding comp rate. In September of the following year, claimant filed an application for hearing on the matter, in which he stated the issue to be "correct determination of claimant's average weekly wage and corresponding compensation rate, to include cost of conversion of group insurance... ." Claimant's offer to stipulate was filed on November 19, 1987, stating his position to be "AWW and corresponding compensation rate does not include cost of group insurance to employer or cost of conversion... ." No live testimony was presented at the February 11, 1988 hearing; however, the claimant introduced into evidence a statement of weekly wages filed by the E/C on July 3, 1979 showing claimant's wages as not including any gratuities, and a January 18, 1988 deposition of Sylvia Smith (underwriter with the employer's employee health insurance company) in which she testified that claimant was provided health insurance by the employer for 1978 through 1979, and that the employer had contributed 50% of the $58.67 monthly coverage cost.
The DC entered an order in March of 1988 denying the claim for increased AWW and comp rate on the basis that the claim was untimely filed. According to the DC, the issue of AWW and comp rate was mature for litigation at least as early as the claim filed on May 6, 1985, which resulted in stipulations by the DC and both parties stating AWW and comp rate not to be at issue. Additionally, the DC noted that since the claim for increased AWW was based on case law articulated in Mobley v. Winter Park Memorial Hospital, 471 So.2d 591 (Fla. 1st DCA 1985), the issue could certainly have been litigated by the time the DC entered his first order, on January 10, 1986, determining that AWW and comp rate were not at issue.
It is well established that any mature claim for worker's compensation benefits should be raised at the pretrial hearing and litigated at the final hearing, and that only immature claims should be postponed until they are ripe for hearing. A claim which is mature at the time of an earlier proceeding will be barred by its omission therefrom. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982); Florida Power & Light Company v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982). In the instant case, however, the claim for increased AWW appears to have been based on newly-discovered evidence that claimant's earnings included fringe benefits in the form of group insurance benefits. (Compare City of Hialeah v. Cascardo, 443 So.2d 448 at 450 (Fla. 1st DCA 1984), in which this court reversed an order increasing claimant's AWW and comp rate on the basis that the issue was mature at an earlier proceeding and was not based on "a mistake of fact, newly discovered evidence, or other superseding ground.") If, as claimant asserts in his brief, evidence of the employer's contribution toward group insurance benefits was not suspected until late 1986, the claim for increased AWW could not have been raised in the May 6, 1985 claim, and the January 10, 1986 stipulation correctly indicated that AWW and comp rate were not in dispute at that time. Even assuming the claim for increased AWW was based solely on cost *1340 of conversion evidence, as approved in Mobley, supra, the claim for increased AWW still could not have been brought until the claimant became aware that the employer had provided group insurance as a benefit. In either event, the newly discovered evidence delayed the maturation of the claim for increased AWW.
Accordingly, we reverse the DC's denial of appellant's claim for determination of correct AWW and corresponding compensation rate, and remand for further proceedings.
BOOTH and THOMPSON, JJ., concur.