599 So.2d 1368 (1992)
STATE of Florida/DEPARTMENT OF TRANSPORTATION AND DIVISION OF RISK MANAGEMENT, Appellant,
v.
Roger GREENE, Appellee.
No. 91-1337.
District Court of Appeal of Florida, First District.
May 18, 1992.
Rehearing Denied June 22, 1992.
Joseph C. Segor, Miami, for appellant.
Edward P. Busch of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellee.
PER CURIAM.
The State of Florida/Department of Transportation and Division of Risk Management (state) appeal an order of the judge of compensation claims (JCC) which finds that certain overpayments in compensation constituted a gratuity, and that Roger Greene (claimant) was entitled to retain the overpayments.[1] The state asserts on appeal that (1) a previous order of the JCC *1369 which was entered after a stipulation between parties and allowed the state to deduct overpayments from the claimant's compensation, constituted the law of the case and precluded the claimant from asserting that the overpayments constituted a gratuity; (2) the state did not have appropriate notice that the issue of the carrier's entitlement to reimbursement would be considered at the hearing on March 19, 1991; (3) the issue of the overpayment constituting a gratuity was ripe for adjudication on December 13, 1990, and the claimant's failure to pursue the issue at that time precluded later consideration by the JCC. We find (1) that the previous order and stipulation were ambiguous and did not necessarily preclude further consideration of the issue of overpayment by the JCC; (2) the state had sufficient notice of the nature of the proceeding; and (3) the carrier's assertion that the issue of the overpayment was ripe for adjudication at the time of an earlier proceeding and, thus, could not be considered by the JCC, was not properly raised during the proceedings before the JCC and will not be considered for the first time on appeal. We affirm.
The claimant was injured in a compensable accident in October of 1987. The state paid benefits from October 26, 1987, through January 1989, based on an average weekly wage of $522.48. The carrier was informed in January by the employer that a mistake had been made in the average weekly wage, in that the employer had mistakenly reported the claimant's biweekly wage as his weekly wage.
The employer/carrier (E/C) filed a motion and amended motion for credit for the overpayment in February of 1989. The motion alleged a total overpayment of $11,137.92 due to a scrivener's error. The E/C requested a lump sum credit or a 50 percent reduction in future benefits paid to the claimant. Prior to a hearing on the amended motion, the parties entered into a stipulation which read that
future payments to the claimant will [sic] made at the rate of $127.53 less $20.00 per week for credit of an overpayment, or payment to the claimant of $107.53 per week, until such time as future discovery reveals otherwise.
On March 16, 1989, the JCC entered an agreed order which adopted the language of the stipulation. The carrier continued to pay at the reduced rate.
On May 4, 1990, the parties entered a pretrial stipulation. In the stipulation, the claimant listed as an issue, "Return to cl (claimant) of gratuitous overpayment previously collected and termination of rights of CR (carrier) to take credit on future compensation benefits." The state listed as an issue, "overpayments not gratuitous, credit for overpayment requested."
On December 13, 1990, after hearing, the JCC entered an order which included the following:
The parties stipulated that only issues ripe for adjudication on or before May 4th, 1990, which is the date of the Pretrial Hearing, would be presented for determination. The only issue therefore presented for adjudication at this time is the Claimant's average weekly wage and appropriate compensation rate. All other claims for attorneys fees and costs, and penalties and interest were withdrawn by the Claimant.
The order also established a new average weekly wage based on a promotion received by the claimant. The order was silent as to the state's right to continue to take a deduction.
On January 30, 1991, the state filed a petition for modification alleging that they were still entitled to a deduction for overpayment as a result of the March 16, 1989, order approving the parties' stipulation. A hearing was held on the petition for modification on March 4, 1991.
At the hearing, the state called Samantha Walker, the adjuster on the case, who testified during direct examination that the reason for the overpayment was that the carrier used a biweekly, rather than a weekly, figure in calculating the average weekly wage. On cross-examination, the adjuster clarified without objection that the error was the sole responsibility of the employer, and that all information concerning the proper wage was within the care *1370 and control of the employer. The claimant's counsel also asked whether the adjuster was aware of the law on the issue of overpayments. The attorney for the state objected on the following basis:
Judge, I would object to the agreement. To allow credit is res judicata on the issue of whether or not the carrier is entitled to take credit for overpayment. He was entitled to take issue with Bill Robinson in the past.
No other objections were entered at the hearing. No argument or proffer was made to clarify the basis of the objection. No other evidence was presented which would alert the JCC to whether the objection pertained to the previous stipulation or to the issue of whether overpayments had been previously ripe for adjudication.
Contrary to the assertions of the state, the stipulation and order in question did not preclude further consideration of the carrier's entitlement to reimbursement for overpayment. The words of the stipulation contemplate reconsideration of the issue if claimant, through discovery, ascertained facts which would preclude reimbursement. In fact, both parties appear to acknowledge that further proceedings were contemplated, as both parties listed in their pretrial stipulations that the overpayment was an issue still to be resolved. The JCC apparently also contemplated further proceedings when he entered the order based on the parties' stipulation. We, thus, determine that the stipulation and order as to overpayments did not preclude further consideration of the overpayment issue.
The hearing which was held on overpayments was prompted by a petition for modification filed by appellant which sought a determination of the E/C's continuing entitlement to reimbursement of overpayments. The carrier called the adjuster as a witness, who testified as to all the facts and circumstances surrounding the original overpayment. The state never requested a continuance to present further evidence concerning the overpayments. Under these circumstances, we are unable to determine that the carrier was not reasonably apprised that the issue of entitlement to any reimbursement would be considered by the JCC.
The final issue that appellant wishes us to consider concerns whether the issue of reimbursement was ripe for adjudication prior to the December 13, 1990, order. The general rule is that a claim which is mature at the time of an earlier proceeding will be subsequently barred by its omission from that proceeding. Brantley v. Allen, 538 So.2d 1338 (Fla. 1st DCA 1989). To resolve this issue, however, many factual determinations would have to be made, including (1) whether the issue was really ripe for adjudication (in this case whether sufficient discovery had, in fact, taken place); (2) whether the new claim is based on newly discovered evidence; or (3) whether the application of the general rule would result in an injustice.[2]See City of Miami v. Knight, 554 So.2d 549 (Fla. 1st DCA 1989), rev. denied, 567 So.2d 434 (Fla. 1990). The objection which was raised based solely on res judicata was not sufficiently specific to alert the JCC to the issues which needed to be resolved. This is especially true in light of the fact that there was another res judicata issue before the JCC, the issue concerning the original stipulation between the parties. Appellants never alerted the JCC to the facts that there might be a separate (second) issue concerning res judicata, or that the reimbursement issue should have been considered at another time. Nor can we determine from the record that the ripeness issue was actually raised. We decline to address this issue for the first time on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978).
We therefore affirm.
SHIVERS, MINER and WOLF, JJ., concur.
NOTES
[1] The state does not challenge the JCC's factual determination that the overpayments constitute a gratuity. See Strickland v. Neil's Painting, 545 So.2d 333 (Fla. 1st DCA 1989).
[2] The JCC may have been entitled to consider the issue of entitlement on any of these bases in the instant case, but it is unnecessary to reach those issues since they were not properly preserved for appeal.