738 So.2d 447 (1999)
John McLYMONT, Appellant,
v.
A TEMPORARY SOLUTION, ATS West, Inc. and AGC Self-Insurers Fund, Appellees.
No. 98-1580.
District Court of Appeal of Florida, First District.
July 22, 1999.
Clark W. Berry, Ft. Myers, and Bill McCabe, Longwood, for Appellant.
Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for Appellees.
*448 PER CURIAM.
The claimant, John McLymont, appeals an order of the judge of compensation claims (JCC) denying authorization for dental care. The critical issue in this appeal involves whether a claimant may voluntarily dismiss one of several ripe claims included in a petition for benefits at, or just prior to, the final hearing and then later refile a petition for that claimed benefit, in this case dental care. Because we find that traditional principles of res judicata apply here and that appellant had alternatives available to him other than taking a voluntary dismissal of the dental care claim, we affirm.
Appellant had scheduled a dentist's deposition for a date just before the final hearing, but the deposition had to be canceled and could not be rescheduled prior to the hearing. The final hearing proceeded on all claims except the dental care claim, and the JCC entered a final order as to those claims, noting that appellant had voluntarily dismissed the dental care claim during, or just prior to, the hearing. When appellant subsequently refiled the dental care claim, the employer/carrier argued that the claim was ripe at the time of the original final hearing and was, therefore, waived when it was voluntarily dismissed. The JCC accepted this argument and denied the claim for dental care. We agree that, applying principles of res judicata, appellant waived the dental care claim because it was ripe at the final hearing and should have been determined at that time. See, e.g., Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346, 1348 (Fla. 1st DCA 1993) ("Generally, claims for compensation benefits should be determined at a benefits hearing if they are mature because piecemeal litigation of claims after maturity is not permitted. Therefore, compensation claims which are not timely litigated may be waived by application of the doctrine of res judicata." (citations omitted)); Turner v. Rinker Materials, 622 So.2d 80, 83 (Fla. 1st DCA 1993) ("The general rule, with a few exceptions not pertinent here, is that a claim that is mature at the time of an earlier proceeding will be subsequently barred by its omission from that proceeding."); Brantley v. Allen, 538 So.2d 1338, 1339 (Fla. 1st DCA 1989) ("It is well established that any mature claim for worker's compensation benefits should be raised at the pretrial hearing and litigated at the final hearing, and that only immature claims should be postponed until they are ripe for hearing. A claim which is mature at the time of an earlier proceeding will be barred by its omission therefrom."); Florida Power & Light Co. v. Haycraft, 421 So.2d 674, 675 (Fla. 1st DCA 1982) ("Claims for compensation benefits should be determined at a hearing if they are mature and only the determination of immature claims should be postponed until further hearing when they are ripe. The piecemeal litigation of claims after maturity is not permitted.").
Appellant does not disagree with these res judicata principles. Rather, appellant argues that even though he voluntarily dismissed the dental care claim at the earlier hearing, he is entitled to one voluntary dismissal of a claim without prejudice. In support of this argument, appellant cites Florida Rule of Workers' Compensation Procedure 4.075(d):
Voluntary Dismissal. A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice or stipulation of voluntary dismissal at any time before the final hearing begins, or during the final hearing before the claimant or petitioner rests by stating on the record such notice of voluntary dismissal. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or petition for benefits previously the subject of a voluntary dismissal.
Appellant argues that because this rule indicates that a "claim or petition" may be voluntarily dismissed without prejudice, the rule allows such dismissal of only one claim included among several in a petition. Appellant also points out that Rule 4.020(c) *449 defines a "claim" as "any element of a petition for benefits or other entitlement for which judicial relief is sought."
The voluntary dismissal of one of several claims pursuant to Rule 4.075(d) will not, in and of itself, provide a basis for the assertion of res judicata as to that claim. Rule 4.075(d) does not alter the principles of res judicata set forth in the cases cited above, however. If, as occurred here, a claimant voluntarily dismisses a claim that is ripe for hearing at the time of such dismissal, the claimant then waives that claim.
Finally, contrary to appellant's argument, the JCC's ruling in this case did not cause an injustice. Appellant had other options available at the time he elected to voluntarily dismiss the dental care claim. For instance, appellant could have continued his entire case or, rather than taking a voluntary dismissal of the dental care claim, appellant could have asked the JCC to reserve jurisdiction over that claim and delay rendition of a final order until appellant could file the dentist's deposition.
AFFIRMED.
JOANOS, ALLEN and KAHN, JJ., CONCUR.