752 So.2d 1236 (2000)
BOYNTON LANDSCAPE and Liberty Mutual Insurance Co., Appellants,
v.
James DICKINSON, Appellee.
No. 1D98-4148.
District Court of Appeal of Florida, First District.
February 28, 2000.
*1237 Randall T. Porcher and James C. Byrd, Jr., of Rigell, Leal & Ring, P.A., West Palm Beach, for Appellants.
Richard A. Kupfer, West Palm Beach; Jerry J. Goodmark of Goodmark, Goodmark & Goldstone, P.A., West Palm Beach, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and carrier seek review of an order directing them to calculate the social security offset in the future using a weekly social security benefit of $60.81; and to refund to the claimant all social security offsets taken between October 7, 1986, and January 8, 1998. Because we conclude that the claimant's claim seeking recalculation of the social security offset and a refund of all offsets previously taken is barred by the doctrine of res judicata, we reverse.
In 1979, the claimant sustained a work-related injury. He was accepted as permanently and totally disabled in 1982. He began receiving social security disability benefits in 1980. In 1986, the employer and carrier began taking a social security offset. The claimant filed claims for attendant care benefits in 1987, 1989 and 1994, and merits hearings were held on those claims. In 1997, for the first time, the claimant filed a claim seeking recalculation of the social security offset and a refund of all offsets taken since October 7, 1986, along with another claim seeking attendant care benefits. The employer and carrier controverted the claim seeking recalculation and reimbursement of social security offsets, asserting, among other things, that it was barred by the doctrine of res judicata. The judge of compensation claims rejected the res judicata defense and, finding that the amount of the offset should have been based on a weekly social security benefit of $60.81 instead of the figure of $65.86 used by the employer and carrier, ordered that the employer and carrier refund to the claimant the entire amount offset between October 7, 1986, and January 8, 1998. This appeal follows.
The employer and carrier argue that the claim seeking recalculation of the social security offset and a refund of all offsets previously taken is barred by the doctrine of res judicata because it was ripe for adjudication at three prior merits hearings, and should have been raised then. We agree.
As a general rule, piecemeal litigation of mature claims is no more permissible in workers' compensation cases than in civil litigation. If a merits hearing occurs and mature claims are not litigated, the claims are considered waived, and later litigation is precluded by application of the doctrine of res judicata. E.g., Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346 (Fla. 1st DCA 1993); Department of Transportation v. Greene, 599 So.2d 1368 (Fla. 1st DCA 1992); Florida Power & Light Co. v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982). Here, the claimant did not file his claim that he was entitled to recalculation of the social security offset and a refund of all offsets previously taken because the employer and carrier did not have sufficient information from the Social Security Administration when it began taking an offset in 1986 until 1997, more than ten years after the fact. Notwithstanding the long delay in filing his claim and the three intervening merits hearings, the claimant maintains that the claim is not barred because the social security offset is, like a wage-loss claim, a recurring issue which may be relitigated; and because barring him from raising the claim would result in an injustice.
In Nelson & Co. v. Holtzclaw, 566 So.2d 307, 309 (Fla. 1st DCA 1990), we noted that, because of the "periodic nature of wage loss, elements which might change *1238 from period to period ... can be relitigated on successive claims." However, we also reaffirmed the general principle that "non-recurring issue[s]" which were mature at the time of a prior merits hearing but not litigated may not be raised at a subsequent merits hearing because of the doctrine of res judicata. Id. The claimant argues that, because changes in one's entitlement classification or the number of dependents receiving benefits might require a recalculation of the social security offset, the social security offset issue should be treated as a recurring one, like the issue of wage-loss benefits. We find it unnecessary to resolve this question, however, because it is undisputed that no such event occurred in this case. Accordingly, we conclude that, for purposes of this case, the social security offset issue was a nonrecurring one.
The claimant next argues that, because there is no way that he could have known whether the employer and carrier were correctly calculating the amount of the offset, barring him from raising the claim when he did would result in an injustice. However, there can be no question but that the claimant (who the record reflects has been represented by the same attorney since at least 1980) has always had at least equal access to the social security information from which the offset was calculated. Accordingly, we fail to see how barring him from raising the claim more than ten years after the fact would result in any injustice to him. On the contrary, to permit him to raise the claim at this point would, in our opinion, result in a manifest injustice to the employer and carrier.
There has never been any dispute about whether the employer and carrier have been entitled to the offset. The only issue raised by the claimant is with regard to the amount. Here, because of the many years that had passed, nobody could testify regarding the original offset calculations, and the records originally relied on could not be found. As the attorney for the employer and carrier noted at the merits hearing, over an 11-year period, "memories fade, documents get lost, adjusters change" and litigants change law firms. To permit a claim of this type to be raised after so many years have passed would encourage claimants to refrain from pointing out a perceived factual or computational error in the hope that, after several years had passed, the employer and carrier would no longer be in a position to defend the basis for the offset taken. It would also encourage meritless claims. Finally, it would be contrary to the legislature's expressed intent to create "an efficient and self-executing system" that "ensur[es] a prompt and cost-effective delivery of payments." § 440.015, Fla. Stat. (1997).
Based upon the foregoing analysis, we hold that the claim seeking recalculation of the social security offset and a refund of all offsets taken between October 7, 1986, and January 8, 1998, is barred by the doctrine of res judicata. The order of the judge of compensation claims to the contrary is, therefore, reversed.
REVERSED.
KAHN and PADOVANO, JJ., CONCUR.