813 So.2d 1070 (2002)
Norma CORREA, Appellant,
v.
MIAMI AIRPORT HILTON and Gallagher Bassett Services, Appellees.
No. 1D01-1007.
District Court of Appeal of Florida, First District.
April 22, 2002.
Mark L. Zientz and Andrea Cox of the Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.
Douglas W. Barnes of Douglas W. Barnes & Associates, Miami, for Appellees.
BROWNING, J.
Appellant appeals the final order of the Judge of Compensation Claims (JCC) which dismissed, on res judicata grounds, Appellant's petition for benefits requesting an alternate temporomandibular joint (TMJ) specialist. Appellant argues, among other grounds, that the claim was not barred because it was not mature at earlier merits hearings. Appellees (E/C) assert, among other grounds, that res judicata barred the claim because it was mature at earlier merits hearings and was not raised. We agree with Appellant and reverse. Because our holding on this issue is dispositive, we do not reach the other grounds argued by the parties.
"As a general rule, piecemeal litigation of mature claims is no more permissible in workers' compensation cases than in civil litigation. If a merits hearing occurs and mature claims are not litigated, the claims are considered waived, and later litigation is precluded by application of the *1071 doctrine of res judicata." Boynton Landscape v. Dickinson, 752 So.2d 1236, 1237 (Fla. 1st DCA 2000), citing, e.g., Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346 (Fla. 1st DCA 1993); Department of Transp. v. Greene, 599 So.2d 1368 (Fla. 1st DCA 1992); Florida Power & Light Co. v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982). However, where a claim is based on newly discovered evidence, it cannot be barred for failure to raise it at an earlier proceeding, because it was not mature at the earlier proceeding. See Brantley v. Allen, 538 So.2d 1338 (Fla. 1st DCA 1989).
In this case, Appellant obtained an MRI and discovered she had a TMJ injury after the two merits hearings. Prior to obtaining the MRI, she had been expressly advised that she had no TMJ problem. Thus, in reliance on this advice, she had no reason to litigate the issue, and did not do so. Because her claim for an alternate TMJ specialist was based on the newly discovered evidence that she had a TMJ injury, as revealed by the positive MRI, Appellant's claim was not mature at the earlier merits hearings, and is not barred by res judicata.
For these reasons, the JCC's order dismissing the claim is REVERSED and the case REMANDED for proceedings consistent with this opinion.
DAVIS and BENTON, JJ., concur.