933 So.2d 601 (2006)
Michael N. SCHNEIDER, as Personal Representative of the Estate of James Darrell Mabe, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. 1D05-2104.
District Court of Appeal of Florida, First District.
June 22, 2006.
Rehearing Denied July 20, 2006.
*602 Barbara A. Heyer of Heyer & Associates, P.A., Fort Lauderdale, for Appellant.
Richard A. Mullaney, General Counsel, Scott D. Makar, Chief, Appellate Division, and Jon R. Phillips, Assistant General Counsel, Office of General Counsel, Jacksonville, for Appellee.
PER CURIAM.
Appellant seeks review of a summary final judgment entered against him, as personal representative of the estate of James Darrell Mabe, in his action seeking damages resulting from the death of Mabe which was caused by allegedly tortious conduct by Detective Larry Branch of the Jacksonville Sheriff's Office. Having carefully reviewed the record, we conclude that appellee failed to carry its burden of demonstrating conclusively either the absence of any genuine issue as to any material fact or entitlement to judgment as a matter of law. Accordingly, we reverse.
As the courts of this state have said many times, the law regarding summary judgment is well-established:
[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. . . . A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. . . .
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985) (citations omitted). Succinctly put, "[w]hen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied." Jones v. Directors Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) (citations omitted).
In this case, it appears that the trial court failed to heed this well-established law and, in addition, relied in part on deposition testimony that was not based on personal knowledge and would not be admissible in evidence at trial. Applying the correct law, and viewing all reasonable inferences which may be drawn from the evidence in a light most favorable to appellant, we are unable to say that the record conclusively demonstrates either the absence of any genuine issue of material fact or that appellee is entitled to judgment as a matter of law as to either count of the amended complaint. Accordingly, we reverse the summary final judgment, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN, C.J. and WEBSTER, J., concur; HAWKES, J. concurs in result.