943 So.2d 852 (2006)
U.S. BLOCK WINDOWS and Liberty Mutual Insurance Company, Appellants,
v.
Wanda DIXON, Appellee.
No. 1D05-5613.
District Court of Appeal of Florida, First District.
November 8, 2006.
Rehearing Denied December 13, 2006.
*853 Mary L. Wakeman, McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellants.
T. Rhett Smith and Teresa E. Liles of T. Rhett Smith, P.A., Pensacola, for Appellee.
PER CURIAM.
The employer/carrier (E/C) appeals the final order of the judge of compensation claims (JCC), granting in part claimant's requested workers' compensation benefits. In this appeal, the E/C argues the following: (1) the JCC's finding of compensability for claimant's left shoulder injury and resulting award of temporary partial disability (TPD) benefits to claimant for the time period August 14, 2004 through April 7, 2005, and award of authorization of an orthopedic physician for treatment of the left shoulder, are precluded by the doctrine of res judicata; (2) in the alternative, the JCC's award of TPD benefits to claimant for the time period August 14, 2004 through April 7, 2005 is not supported by competent substantial evidence; (3) the JCC's award of TPD benefits for August 12, 2005 is not supported by competent substantial evidence; and (4) the JCC's award of temporary total disability (TTD) benefits for the time period April 8, 2005 through May 5, 2005 is based on an arbitrary credibility determination. Because we agree with the E/C's first argument, that the award of TPD benefits for August 14, 2004 through April 7, 2005, and the authorization of an orthopedic surgeon for treatment of claimant's left shoulder, is precluded by the doctrine of res judicata, we reverse these two awards.[1] However, we affirm the JCC's order in all other respects, without further discussion.

BACKGROUND
Claimant worked for the employer, U.S. Block Windows, beginning in 1999. On May 6, 2004, claimant began experiencing right shoulder symptoms. Claimant was treated and returned to work with restrictions. On August 2, 2004, claimant also began complaining of symptoms in her left shoulder. The treating physician examined the left shoulder, but found no objective medical evidence of any abnormality. However, the physician put claimant on work restrictions with regard to both the right and left shoulders.
Claimant stopped working for the employer in September 2004. She filed a petition for benefits requesting temporary indemnity benefits regarding the right shoulder injury. She also filed a petition for benefits requesting temporary indemnity benefits and authorization of an orthopedic surgeon to treat her left shoulder. However, claimant voluntarily dismissed this second petition prior to the merits hearing. On March 30, 2005, a final merits hearing was held. Although claimant had voluntarily dismissed the petition for benefits regarding the left shoulder injury, claimant testified regarding her left shoulder symptoms.
After the hearing, the JCC entered a final order granting TPD benefits for May 24, 2004 through August 6, 2004, and for August 7, 2004 through August 13, 2004. However, the JCC's order denied benefits for the time period August 14, 2004 *854 through March 30, 2005. In denying benefits for this time period, the JCC found that, to the extent that claimant was alleging benefits based on the left shoulder injury, claimant failed to prove she was entitled to TPD benefits. Claimant had failed to prove the occupational cause of any injury to the left shoulder, had failed to show objective medical findings supporting a disability, and had failed to prove that the work for the employer was the major contributing cause of the injury.
Claimant filed a motion for clarification arguing it was inappropriate for the JCC to make findings on claimant's left shoulder injury. The JCC granted the motion for clarification, and provided that it was necessary to address the left shoulder injury because claimant described her left shoulder complaints at trial. Additionally, the JCC noted that it was not only appropriate, but critical to address whether claimant as of March 30, 2005 demonstrated a compensable left shoulder injury. The JCC entered an amended order on May 6, 2005. Claimant appealed the final compensation order, and this court affirmed without an opinion. See Dixon v. U.S. Block Windows, 930 So.2d 623 (Fla. 1st DCA 2006).
Before the hearing in the first case, claimant filed two more petitions for benefits regarding the left shoulder injury. These petitions were filed on March 16, 2005, and March 22, 2005. On April 8, 2005, claimant had surgery on her right shoulder. Claimant also filed a petition for benefits on May 3, 2005 requesting temporary indemnity benefits from the date of the surgery and continuing.
As a result of an independent medical examination (IME) with Dr. Richard Sellers, claimant underwent an MRI of her left shoulder on June 16, 2005. The radiologist opined that there appeared to be "a subtle SLAP tear" in the left shoulder, which is where a bicep tendon pulls loose from its anchor inside of the shoulder joint. Claimant was seen by Dr. William Smith on August 1, 2005 for an IME of the left shoulder. After reviewing the MRI report and examining claimant, Dr. Smith diagnosed a SLAP lesion on claimant's left shoulder.
On October 14, 2005, a second merits hearing was held to address the three petitions filed on or after March 16, 2005. At the hearing, claimant introduced Dr. Smith's deposition testimony. Dr. Smith testified that there was a causal relationship between claimant's work activities and her left shoulder pain. After hearing all the evidence in the case, the JCC entered a final compensation order on October 19, 2005. In this order, the JCC accepted the testimony of Dr. Smith regarding the cause of claimant's left shoulder injury and granted the benefits now being appealed by the E/C.

ANALYSIS
The general rule is that "claims for compensation benefits should be determined at a benefits hearing if they are mature because piecemeal litigation of claims after maturity is not permitted. . . . Therefore, compensation claims which are not timely litigated may be waived by application of the doctrine of res judicata." Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346, 1348 (Fla. 1st DCA 1993). In this case, the compensability of claimant's left shoulder injury was ripe for adjudication at the first merits hearing. Although claimant dismissed her petition for benefits regarding the left shoulder injury before the first merits hearing, claimant presented testimony on this issue at the hearing. The JCC determined at the time of the first merits hearing that claimant failed to prove the occupational cause of the injury or that her work for *855 the employer was the major contributing cause of the injury. Accordingly, the JCC denied benefits for the time period August 14, 2004 through March 30, 2005. In the order now on appeal, the JCC awarded TPD benefits for the same time period, finding claimant's left shoulder condition compensable. Additionally, the JCC awarded authorization of an orthopedic surgeon to provide treatment for claimant's left shoulder. Because these claims were ripe at the time of the first final merits hearing, they are barred by the doctrine of res judicata.
The deposition of Dr. Smith, relied on by claimant to prove causation with regard to the left shoulder injury, was not taken until August 1, 2005, after the first merits hearing. However, this does not preclude application of res judicata to the claims at issue. See McLymont v. A Temporary Solution, 738 So.2d 447 (Fla. 1st DCA 1999) (holding that where claimant voluntarily dismissed a petition for benefits requesting authorization for dental care shortly before the merits hearing because the dentist's deposition could not be taken in time, the claimant waived his claim which was ripe at the time of the hearing; noting that the claimant could have continued the entire case rather than take a voluntary dismissal or asked the JCC to reserve jurisdiction over the claim and delay rendition of the final order until the claimant could file the dentist's deposition).
Additionally, the grant of TPD benefits also included a time period after the first merits hearing, March 31, 2005 through April 7, 2005. However, the doctrine of res judicata can be applied to the claims at issue notwithstanding the fact that part of the time period in question was after the first merits hearing. The determination of the claim for TPD benefits focused solely on the medical question of the causal relationship between the accident and claimant's symptoms. Because this question is the same one that was decided in the earlier merits hearing, claimant is precluded from rearguing the same issue. See Urban v. Morris Drywall Spray Textures, 634 So.2d 718 (Fla. 1st DCA 1994) (rejecting the E/C's argument that the JCC's finding of causation during a prior hearing did not bar a subsequent determination of causation for a wage loss claim concerning a different period of time because "the determination of the claim for wage loss benefits focused solely on the medical question of the causal relationship between the accident and the claimant's symptoms of dizziness," and there was no indication that this question was anything other than the one decided during the earlier hearing).
Accordingly, the award of TPD benefits for the time period August 14, 2004 through April 7, 2005, and the authorization of an orthopedic surgeon for treatment of claimant's left shoulder are reversed. In all other respects, the JCC's final compensation order is affirmed.
AFFIRMED in part, REVERSED in part.
ERVIN, BARFIELD, and POLSTON, JJ., concur.
NOTES
[1] Because of our ruling, we do not reach the E/C's alternative argument for reversal of this issue, the second argument on appeal.