987 So.2d 1262 (2008)
Heidi THOMAS, Appellant,
v.
ECKERD DRUGS and AIG, Appellees.
No. 1D07-5905.
District Court of Appeal of Florida, First District.
August 15, 2008.
*1263 John W. Wesley of Wesley, McGrail & Wesley, Ft. Walton Beach; and David A. McCranie of David A. McCranie, P.A., Orange Park, for Appellant.
Mary L. Wakeman and Ashley N. Richardson of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellees.
PER CURIAM.
Claimant challenges the JCC's summary final order entered after the JCC concluded Claimant's claim for a lumbar injury was barred by res judicata. The JCC concluded the claim was barred because Claimant had dismissed the claim before the March 31, 2005, merits hearing, and she believed the claim was ripe for adjudication at that time. For the reasons that follow, we reverse.
Florida Administrative Code Rule 60Q-6.120(1) permits a JCC to enter a summary final order when the order would be dispositive of the issues raised by the petition, and there are no genuine issues of material fact. See id.; Begley's Cleaning Serv. v. Costa, 913 So.2d 1244, 1245 (Fla. 1st DCA 2005). A JCC shall review the pleadings and depositions, together with affidavits, if any, to determine whether there are any genuine issues of material fact. See Fla. Admin. Code R. 60Q-6.120(2); Begley's Cleaning Serv., 913 So.2d at 1245. Issues considered dispositive, in relevant part, include whether the claim is barred by res judicata. See Fla. Admin. Code R. 60Q-6.120(1); Begley's Cleaning Serv., 913 So.2d at 1245.
In the absence of case law offering guidance regarding summary final orders, we evaluate the JCC's order using the summary judgment standard. A ruling on a motion for summary judgment is reviewed de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). It is well-settled that, when reviewing a lower court's summary judgment ruling, an appellate court must draw all reasonable inferences in favor of the party opposing summary judgment. See e.g., Auto-Owners Ins. Co. v. Young, 978 So.2d 850 (Fla. 1st DCA 2008). Summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. See Spears v. Albertson's, Inc., 848 So.2d 1176 (Fla. 1st DCA 2003). If the evidence is conflicting, will permit different reasonable inferences, or tends to prove the issues, it should be submitted to the trier of fact. See generally Joyner v. Anderson Columbia, Co., Inc., 988 So.2d 60, 60-61, 2008 WL 2695138, at *1 (Fla. 1st DCA 2008); Aberdeen at Ormond Beach, L.P., 760 So.2d at 130; Schneider v. City of Jacksonville, 933 So.2d 601, 602 (Fla. 1st DCA 2006).
"As a general rule, piecemeal litigation of mature claims is no more permissible in workers' compensation cases than in civil litigation. If a merits hearing occurs and mature claims are not litigated, the claims are considered waived, and later litigation is precluded by application of the doctrine of res judicata." Correa v. Miami Airport Hilton, 813 So.2d 1070, 1070-71 (Fla. 1st DCA 2002) (quoting Boynton Landscape v. Dickinson, 752 So.2d 1236, 1237 (Fla. 1st DCA 2000) (citing, e.g., Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346 (Fla. 1st DCA 1993))).
However, where a claim is based on newly discovered evidence, it cannot be *1264 barred for failure to raise it at an earlier proceeding, because it was not mature at the earlier proceeding. See Correa, 813 So.2d at 1071 (holding claim for TMJ not barred by res judicata where MRI was obtained after merits hearings, and prior to obtaining MRI, claimant was advised she had no TMJ problem); Brantley v. Allen, 538 So.2d 1338 (Fla. 1st DCA 1989) (holding claim for increased AWW was not barred by res judicata, because it was based on newly discovered evidence that claimant's earnings included fringe benefits).
Here, it is uncontested that, at the time of the March 31, 2005, merits hearing, Claimant's lumbar injury had been erroneously diagnosed by Dr. Timmons, her authorized treating physician. Her family doctor had also erroneously diagnosed the injury. Both physicians had opined Claimant's lumbar pain was caused by fibromyalgia or chronic fatigue syndrome, and was unrelated to her compensable accident. Although an MRI had been obtained in December 2004, Dr. Timmons had no record of discussing the results with Claimant, and Claimant testified he did not do so. Moreover, it was after reviewing the December 2004 MRI that Claimant's family doctor told her there was "nothing wrong" with her back, and her pain was due to the fibromyalgia or chronic fatigue. The record shows Claimant first learned her lumbar pain may be related to her compensable accident during her March 30, 2007, office visit with Dr. Timmons. Dr. Timmons testified he relied, in part, on his review of the December 2004 MRI results to conclude Claimant's lumbar pain may be related to the compensable accident.
Viewing this evidence in a light most favorable to Claimant, one could reasonably infer that, although Claimant knew she had lumbar pain at the time of the March 31, 2005, merits hearing, she had no medical evidence or opinion at that time to indicate her lumbar pain was anything other than fibromyalgia or chronic fatigue syndrome with which she had been erroneously diagnosed. Consequently, at the time of the March 31, 2005, merits hearing, she did not know the claim was ripe. Although Claimant voluntarily dismissed her lumbar claim prior to the March 31, 2005, hearing, the case appears more closely aligned with Correa, than U.S. Block Windows v. Dixon, 943 So.2d 852 (Fla. 1st DCA 2006), or McLymont v. A Temporary Solution, 738 So.2d 447 (Fla. 1st DCA 1999).
In Dixon, the claimant had a merits hearing to address her claim for benefits for a right shoulder injury. Although she dismissed her petition for benefits for a left shoulder injury before the merits hearing, she presented evidence concerning her left shoulder injury at that hearing. Under these circumstances, this court held Claimant's left shoulder injury claim was barred by res judicata. See Dixon, 943 So.2d at 855.
Similarly, in McLymont, the claimant voluntarily dismissed his petition for benefits requesting authorization for dental care shortly before the merits hearing, because the dentist's deposition could not be taken in time. This court held the claimant waived his claim because it was ripe at the time of the hearing. See McLymont, 738 So.2d at 449. This court further noted the claimant could have continued the entire case rather than take a voluntary dismissal, or asked the JCC to reserve jurisdiction over the claim and delay rendition of the final order until the claimant could file the dentist's deposition. See id.
Conversely, in Correa, the claimant obtained an MRI and discovered she had a TMJ injury after the two merits hearings. Prior to obtaining the MRI, she had been expressly advised that she had no TMJ *1265 problem. In reliance on this advice, she had no reason to litigate the issue, and did not do so. This court noted that, because her claim for an alternate TMJ specialist was based on the newly discovered evidence that she had a TMJ injury, the claim was not mature at the earlier merits hearings, and was not barred by res judicata. See Correa, 813 So.2d at 1071.
Here, unlike McLymont, Claimant did not dismiss her lumbar claim due to the need to take Dr. Timmons' deposition. Moreover, from the evidence presented, Claimant would have had no reason to continue the case at that time, or delay rendition of the final order. Instead, from the evidence presented, it could be reasonably inferred that she dismissed her lumbar claim because, as in Correa, she had no reason to litigate that claim. Specifically, at the time of the hearing, she had been told by two physicians that there was nothing wrong with her back and her lumbar pain was due to fibromyalgia or chronic fatigue syndrome, not her compensable accident.
Viewed in a light most favorable to Claimant, the evidence presents a material issue of fact as to whether Claimant knew her lumbar claim was ripe at the time of the March 31, 2005, hearing. The JCC erred as a matter of law by granting summary judgment on this issue, and by ruling the claim is barred by res judicata. The JCC's order dismissing the claim with prejudice is REVERSED, and the case REMANDED for the JCC to conduct additional fact finding proceedings.
REVERSED and REMANDED for proceedings consistent with this opinion.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.