PER CURIAM.
In this workers’ compensation appeal, Claimant raises two points: 1) the Judge of Compensation Claims (JCC) erred by issuing a summary final order finding that his amended petition for benefits was barred by the statute of limitations; 2) and the deputy chief judge erred by dismissing his original petition for benefits for reasons not enumerated in section 440.192(2), Florida Statutes (2006). We do not reach Claimant’s first point because the second point requires reversal.
In a petition for benefits filed August 5, 2008, Claimant alleged he was injured in a compensable accident on August 5, 2006. The deputy chief judge of the Office of Judges of Compensation Claims (OJCC) dismissed Claimant’s first petition without prejudice on August 27, 2008. The order cited, as reasons for the dismissal, Claimant’s failure to include a signed fraud statement and either an OJCC case number or a verified motion for assignment of substitute identification number. On September 9, 2008, Claimant filed an amended petition requesting the same benefits, which included a motion for substitute identification number. On March 13, 2009, the E/C filed a motion for a summary final order arguing the statute of limitations barred Claimant’s amended petition. Claimant responded and argued the original petition was timely and the second petition related back to the date the original petition was filed. On March 20, 2009, the JCC entered an order granting the E/C’s motion and finding that Claimant’s dismissed petition did not toll the statute of limitations.
A JCC’s ruling in a summary final order is evaluated using the summary judgment standard; thus, the ruling is reviewed de novo and all reasonable inferences must be drawn in favor of the party opposing summary judgment. Thomas v. Eckerd Drugs, 987 So.2d 1262, 1263 (Fla. 1st DCA 2008). We disagree with the JCC’s reliance on the deputy chief judge’s dismissal of Claimant’s original petition for benefits when finding that the Claimant did not comply with the statute of limitations.
Claimant correctly argues section 440.192(2)(a)-(j), Florida Statutes, does not require the signing of a fraud statement, an OJCC number, or a verified motion for assignment of a substitute identification number, which were the reasons his first petition for benefits was dismissed without prejudice by the deputy chief judge.
The deputy chief judge cited section 440.105(7), Florida Statutes, as authority for requiring a signed fraud statement. Section 440.105(7), Florida Statutes (2006), does not allow for dismissal when a claimant fails to sign a fraud statement. Instead, subsection (7) provides that “payments under this chapter shall be suspended until such signature is obtained.” A prior version of subsection (7) arguably permitted petitions for benefits to be dismissed on such grounds, but the statute was amended in 2003 with the current language. See § 440.105(7), Fla. Stat. (2002); Ch. 2003-412, § 11, at 27, Laws of Fla. Because the applicable version of the statute does not require dismissal for failure to personally sign a fraud statement, *126 the dismissal was in error to the extent it relied upon section 440.105(7).
The deputy chief judge’s dismissal also cited Florida Administrative Code Rules 60Q-6.103(l)(d) and 6.105(4) as authority for dismissing Claimant’s first petition for failure to provide an OJCC number or verified motion for substitute identification number. A review of the Rules of Procedure for Workers’ Compensation Adjudications reveals that all documents filed with the OJCC “shall” include a case number, if any; and, when commencing a new case, an employee who cannot or will not provide a social security number “shall” file a verified motion for assignment of a substitute number. Fla. Admin. Code R. 60Q-6.1G3(l)(d), 6.105(4). Claimant does not contest that his original petition did not comply with either rule 60Q-6.103(l)(d) or rule 60Q-6.105(4). Claimant argues, however, that petitions for benefits may only be dismissed for lack of specificity under section 440.192, Florida Statutes; thus, the deputy chief judge erred by dismissing his first petition. We agree.
Section 440.192(1), Florida Statutes (2006), provides that a petition for benefits must meet “the requirements of this section and the definition of specificity in section 440.02” before being filed with the OJCC. Accord Fla. Admin. Code R. 60Q-6.105(1) (providing that a claimant commences a new case by filing a petition pursuant to section 440.192). Section 440.192(1) is silent as to whether rules 60Q-6.103(l)(d) and 60Q-6.105(4) must be complied with when filing a petition for benefits. In fact, Florida Administrative Code Rule 60Q-6.107(1), entitled “Amendment and Dismissal of Petitions for Benefits,” indicates petitions will be dismissed only for failure to comply with section 440.192(2)-(4), Florida Statutes.
Section 440.192(2), Florida Statutes (2006), provides:
the [OJCC] shall review each petition and shall dismiss each petition or any portion of such a petition that does not on its face specifically identify or itemize the following:
(a) Name, address, telephone number, and social security number of the employee.
(b) Name, address, and telephone number of the employer.
(c) A detailed description of the injury and cause of the injury, including the location of the occurrence and the date or dates of the accident.
(d) A detailed description of the employee’s job, work responsibilities, and work the employee was performing when the injury occurred.
(e) The time period for which compensation and the specific classification of compensation were not timely provided.
(f) Date of maximum medical improvement, character of disability, and specific statement of all benefits or compensation that the employee is seeking.
(g) All specific travel costs to which the employee believes she or he is entitled, including dates of travel and purpose of travel, means of transportation, and mileage and including the date the request for mileage was filed with the carrier and a copy of the request filed with the carrier.
(h) Specific listing of all medical charges alleged unpaid, including the name and address of the medical provider, the amounts due, and the specific dates of treatment.
(i) The type or nature of treatment care or attendance sought and the justification for such treatment. If the employee is under the care of a physician for an injury identified under paragraph (c), a *127 copy of the physician’s request, authorization, or recommendation for treatment, care, or attendance must accompany the petition.
(j) Specific explanation of any other disputed issue that a judge of compensation claims will be called to rule upon.
Once again, the above-quoted section does not require a petition for benefits to include an OJCC number or a verified motion for a substitute identification number.
Therefore, we hold that the deputy chief judge erred by dismissing Claimant’s original petition for benefits for failure to include a signed fraud statement and an OJCC case number or verified motion for substitute identification number. Accordingly, we direct that the claim be reinstated. Claimant’s first petition for benefits was filed within the two-year statute of limitations period. See § 440.19(1), Fla. Stat. (2006).
REVERSED and REMANDED.
HAWKES, C.J., WOLF and WETHERELL, JJ., concur.